# Edmundson *versus* The Pittsburgh, McKeesport & Youghiogheny Railroad Company.

1. Where a railroad company contracts for the construction of its road with one who agrees to do all the work for a stipulated price, retaining to itself no direction or authority as to the means to be employed by the contractor to perform the work, the company is not liable for damages resulting from his negligence, for the contractor is exercising an independent employment.

2. A railroad company to which one grants the right to enter upon his land to construct a road is not liable to him for damages resulting as a consequence of the company's entering and constructing the road.

3. Article XVI. section 8 of the constitution of the state does not apply to damages resulting from carelessness or negligence in constructing a railroad.

November 11th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term, 1885, No. 80.

This was an action on the case by Levi Edmundson against the Pittsburgh, McKeesport & Youghiogheny Railroad Company to recover for damages done to his buildings, lands and landings by the negligent blasting and the reckless and careless construction of their road by the contractors of the defendant.

Edmundson was and is the owner in fee of a large tract of land situated on the Youghiogheny river, opposite the town of McKeesport. The defendant railroad company, whose road ran through plaintiff's land, procured a right of way sixty feet in width, with right of slopes, under a written contract.

In pursuance of said contract, damages to the amount of $1,600 were awarded in Edmundson's favor, and a deed or grant was executed and delivered by him to the railroad company, and afterwards the money was duly paid.

When the construction of the railroad was commenced the work was let to a firm of contractors who did all the work of grading and preparing the road bed. In the construction of the road the contractors removed by blasting, rock on the right of way conveyed by the plaintiff, which it was alleged by the plaintiff was so negligently, recklessly and carelessly performed, that several houses belonging to him were dashed to pieces, others were injured in a less degree, the surface of the land covered with broken rock and debris, and a river landing was choked up and rendered worthless.

[Edmundson v. P., M. & Y. Railroad Co.]

The blasting, as appeared by the uncontradicted evidence, was done by the contractors of their own motion and without direction or authority from the defendant company, and much of the material thrown out appeared to have been thrown within the limits of the right of way and slopes.

The contract between the company and the contractors provided that the contractors should do all the work for a stipulated price, the company retaining to itself no direction or authority as to the means to be employed by the contractor to perform the work. The company's engineer had a general supervision of the work, but his power was limited to the manner of its accomplishment and the time in which it should be finished.

The plaintiff asked the Court to charge *inter alia* : That the plaintiff is entitled to recover damages caused to his buildings, land and landing by careless and reckless blasting of rock and improper casting of rock and dirt upon and against said land and buildings, and that the defendant company is not relieved from liability for said damages, because the careless and reckless acts complained of were done by contractors employed by the company.

" That under the constitution and laws of this Commonwealth, a corporation organized to construct and maintain a public railroad or highway, is liable for injuries inflicted upon the property of a landowner by the careless and reckless conduct of contractors while engaged in the work of construction ; that if the acts of carelessness and recklessness were such that if the company would have been responsible for them if done by their immediate servants or employees, the company is equally liable for them if committed by contractors employed by them to do the work."

" That there is nothing contained in the contract between the defendant company and its contractors, put in evidence by the defendants, to exonerate the latter from responsibility by damages occasioned to plaintiff by careless and reckless conduct and acts of the contractors while engaged in performing said contract," which said points the Court answered as follows :

" The foregoing points are, so far as the evidence in this case is concerned, all refused, and the jury are instructed that if they believe that the injuries complained of were done by the contractors while carrying out the contract offered in evidence by the defendant, which is not contradicted, then their verdict should be for the defendant." (First assignment of error.)

In the course of the trial the plaintiff made the following offer of evidence, which was rejected :

" The plaintiff proposes to prove by the witness, Robert Taylor, a tenant of plaintiff, that on making complaint to the

persons in charge of the blasting of this road of the nature of their blasting, affecting the house he occupied, they told him that their instructions were to blast the rock out of the cut regardless of damage, that it would be cheaper to pay any damage occasioned that way than to haul away the broken rock. The purpose is to show that the railroad company, through its employees, esteemed it cheaper to blast the rock in the way they did do it, regardless of the injury to adjacent property, than to be at the expense of drawing or hauling it in another and more expensive way." (Second assignment of error.)

Verdict for the defendant and judgment thereon; whereupon the plaintiff took this writ assigning for error the refusal of his points and the rejection of his offer of evidence.

*George Shiras, Jr.* (*A. M. Brown* with him), for plaintiff in error.—We do not dispute the general rule that employers are not liable for wrongs inflicted upon third persons by independent contractors in the prosecution of the work contracted for, where such employers have reserved no right of control over the manner of doing the work and have not expressly or by implication directed or authorized the act producing the injury.

That rule has no application to this case. It is not applicable to corporations possessed of the power of eminent domain: Constitution of Pa., Art. 16, § 8; Lesher et al. *v.* Wabash Navigation Co., 14 Ill., 85; Hinde *v.* Wabash Navigation Co., 15 Ill., 72; Chicago, St. Paul & Fond du Lac R. R. Co. *v.* McCarthy, 20 Ill., 385; Chicago & Rock Island R. R. Co. *v.* Whipple, 22 Ill., 105; West *v.* St. Louis, Vandalia & Terre Haute R. R. Co., 63 Ill., 545; Veazie *v.* Penobscot R. R. Co., 49 Me., 119; Hilliard *v.* Richardson, 3 Gray, 349; Bailey *v.* New York, 3 Hill, 531; Vermont Central R. R. Co. *v.* Baxter, 22 Vt., 365; Macon & Augusta R. R. *v.* Mayes, 49 Ga., 355; Houston & Great Northern R. R. *v.* Meador, 50 Texas, 77; Lowell *v.* Boston & Lowell R. R. Co., 23 Pick., 24; Carman *v.* Steubenville & Indiana R. R. Co. 4 Ohio St., 399.

The statements made by the persons in charge of the blasting party during the progress of the work were evidence to affect the principals: Stockton *v.* Demuth, 7 Watts, 39; Hannay *v.* Stewart, 6 Watts, 487; Dodge *v.* Bache, 7 P. F. S., 421; Huntingdon & Broad Top Mountain R. R. Co. *v.* Decker, 82 Pa. St., 119.

*Knox & Reed* for the defendant in error.—If a person in the exercise of his rights as an individual or of those conferred upon him by statute, employs a contractor to do work and the

latter is guilty of negligence in doing it the contractor, and not the employer, is liable: Painter v. Pittsburgh, 10 Wr., 221; Allen v. Willard, 7 P. F. S., 381; Ardesco Oil Co. v. Gilson, 13 Id., 150; Wray v. Evans, 30 Id., 102; Mansfield Coal Co. v. McEnry, 8 W. N. C., 81; Hass v. Steamship Co., 7 N., 269; Tibbetts v. K. & L. R. R. Co., 62 Me., 437; McCafferty v. Spuyten Duyvil R. R. Co., 61 N. Y., 178; Hughes v. Cincinnati & Springfield R. R. Co., 15 Am. & Eng. R. R. Cases, 100.

Mr. Justice GORDON delivered the opinion of the court, January 4th, 1886.

In Harrison v. Collins, 5 Nor., 153, it was held by this Court, Mr. Justice MERCUR delivering the opinion, that, " if one renders service, in the course of an occupation, representing the will of the employer only as to the result of the work, and not as to the means by which it is accomplished, it is an independent employment," and the principle here announced was adopted in the recent case of Smith v. Simmons. So in Painter v. the Mayor of Pittsburg, 10 Wr., 213, we held, that a party not personally interfering with or directing the progress of a work, but contracting with other parties to do it, is not responsible for the results of a wrongful act done, or for negligence in the performance of a contract, if the work agreed to be done is lawful. A case similar in principle is that of Wray v. Evans, 30 P. F. S., 103, which very much resembles, in its rulings, the one in hand.

Wray contracted with the Pittsburgh Gas Company to dig a trench for the accommodation of one of its gas mains, in one of the city streets, the work to be under the supervision of the company's engineer. Wray sub-let to Michael Davis, who, by his workmen, made the required excavation; into this excavation Evans, the plaintiff, in consequence of the negligence of Davis in not erecting and maintaining proper guards, fell and injured himself.

Held, that Davis was alone responsible for the damages thus suffered. The case in hand embodies no principle not found in the authorities cited. Harris Bros. & Co. were not servants of the defendant whom it could direct as to the means that should be employed in the execution of the work. It is true, the company's engineer had a general surpervision of the job, but his power was limited to the manner of its accomplishment, and the time within which it should be finished, rather than to the means to be used. They were independent contractors, and if they turned over to the defendant a properly finished job, within the time specified, neither the company nor its agents had any more right to interfere in the execution

of the work than a stranger. Whether gunpowder, dynamite or nitro-glycerine should be used in blasting, or whether the charges of either should be great or small, was a matter for the contractors, and not for the defendant.

The hands who did the excavating and blasting were employed, directed, and controlled by Harris Bros. & Co., and for their misconduct or negligence in the execution of the work, this firm was liable, and they, as to these workmen, were the only responsible superiors. The defendant, had it seemed fit, might have kept in its own hands the power to direct and control its contractors in the means used for the execution of the work, and in such case they would have occupied the place of mere agents, and their employés, would have been its servants, and, as a consequence, for their acts in the performance of this business it would have been liable. Such, however, was not the contract; by it the contractors were put on an independent footing, and the company retained no right but to have delivered to it, within the specified time, a properly finished job. The question then would be one of right, or power, to make such a contract, and so to divest itself of the direction of the work in its details.

But as there can be no dispute as to the legality of a transaction of this kind, a discussion of it would be to no purpose, and we may, therefore, dismiss the subject without further remark. But the counsel for the plaintiff, whilst admitting the doctrine as above stated, so far as it affects natural persons, denies that it is applicable to corporations possessed of the power of eminent domain. This is certainly a novel assumption, and one which, on general principles, would be difficult to sustain. He gives no reason which, to us, seems sufficient for making a distinction so marked between persons natural and artificial, whilst the authorities of our own state, at least, lead to a very different conclusion. But the argument is that the eighth section of the sixteenth Article of the Constitution of 1874 makes the difference, and imposes this liability. The authority thus cited does not apply to the case in hand. The words "injured or destroyed," as found in this section, as every one knows, was not designed to change, alter, or limit the nature and effect of corporate contracts, but to impose on those having the right of eminent domain a liability for consequential damages from which they had been previously exempt. If a natural person, in the exercise of a right on his own land, cut off the water of a creek or other stream, from his neighbor below, or backed it upon his neighbor above, or if in the lawful use of a highway, such person by any means injured the property of an adjacent owner, he was responsible for the damages, but previous to the present Constitution, a

[Miller v. Commonwealth.]

corporation possessing the right of eminent domain was not so liable. To create a liability for injuries of this kind, and to make corporations responsible for such damages, was the object, and the only object of the section under discussion. This is obvious enough from the concluding words thereof; "which compensation shall be paid or secured before such taking, injury, or destruction," for though consequential injuries may be anticipated and compensated, those originating from carelessness or neglect, as they cannot be foreseen, neither can the damages resulting from them be in advance measured or provided for. Furthermore, for such injuries, resulting from the negligence of their employees, corporations were already liable, and we are not to presume that the framers of the Constitution intended uselessly to repeat an ordinary and well-established rule of law. On the other hand, had it been intended to limit their power to contract for the building of their works, or to give a construction to their contracts theretofore unknown to the law, doubtless it would have been so written. Moreover, as this section evidently applies to a taking, or injury, resulting as a consequence of the use of a privilege arising from the right of eminent domain, it has no application whatever to the case in hand. The defendant's right to enter upon the land of the plaintiff, arises from his deed. He, by that deed, conferred upon the company that right, and, of course, he can claim for no damage resulting as a consequence of the exercise thereof. For these reasons we are obliged to reject the plaintiff's theory, so ingeniously urged by his learned counsel, and treat the case as one falling within the well-established doctrine of *respondeat superior*.

The judgment of the Court below is affirmed.