Silveus *v.* Grossman et al., Appellants.

Argued April 13, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Jacob A. Markel,* and with him *James J. Purman, John S. Carter* and *Charles S. Carter,* for appellant.

*C. W. Waychoff* of *Waychoff, Waychoff & Thompson,* and with him *W. C. Montgomery,* for appellee.

OPINION BY GAWTHROP, J., July 8, 1931:

This is an action of trespass to recover damages for injuries resulting to plaintiff's property from the falling of a wall which stood on an adjoining lot belonging to defendants.

On December 23, 1925, the Downey House, a hotel building in Waynesburg, Greene County, was destroyed by fire. The fire was communicated to defendants' building situated immediately west of the hotel, and the building and its contents were destroyed by the fire. Plaintiff's building adjoined defendants' building on the west. After the fire was over the front wall of defendants' building and the front section of about fifty feet of the west wall remained standing. This section of the west wall projected about sixteen feet above the roof of the three-story part of plaintiff's building at the front and about thirty feet above the two-story portion at the rear of the building. Immediately after the fire was over, the Burgess and Fire Marshal of the borough gave notice to one of defendants to begin to tear down the walls of the building within twenty-four hours from the service of the notice and continue the work until the walls were torn down and all danger to the public was removed. Defendants forthwith engaged one Kimbal to take down the walls. Kimbal furnished his own equipment, employed and paid his men, had complete charge and control of the performance of the work free from any interference or direction on the part of the owners, and it seems to be conceded by counsel for plaintiff that Kimbal was in fact and in law an independent contractor. There was ample testimony to the effect that Kimbal was a competent person to undertake the work of removing the wall, and there was no counter-

vailing proof. In taking down the wall Kimbal fastened a cable to it and in pulling it over caused it to buckle and fall back on plaintiff's building. The evidence warrants a finding by the jury that the contractor was negligent in the prosecution of the work.

The statement of claim avers: That the walls of defendants' building, as a result of the fire, were left in a dangerous, menacing and threatening condition to the lives and property of adjoining owners and particularly to plaintiff's building; that it became the duty of defendants to take such action with regard to the walls as would prevent damage or injury to the property and buildings of plaintiff; that they, by their agents and employees, carelessly and negligently attempted to remove the walls without providing for the protection of plaintiff's building from the falling of the walls, and without using in said removal the proper appliances and equipment, in the proper or approved way for the removing of such walls, thereby caused the western wall to be thrown over, upon and into plaintiff's building and thereby destroyed it. From a judgment in plaintiff's favor, defendants brought this appeal.

The principal defense relied upon in the court below was that defendants were relieved of liability because the work of razing the wall was in the hands of an independent contractor for whose acts they are not responsible. The main question raised by the assignments of error is whether defendants were entitled to have a directed verdict in their favor, or judgment n. o. v., on that ground. The general rule relative to the immunity of an employer from responsibility for the acts of his independent contractor has been stated thus: "Where the relation of an independent contract exists, and due diligence has been exercised in selecting a competent contractor, and the thing contracted to be done is not in itself a nuisance, nor will

necessarily result in a nuisance if proper precautionary measures are used, and an injury to a third person results, not from the fact that the work is done, but from the wrongful or negligent manner of doing it by a contractor or his servants, the contractee is not liable therefor:" 39 C. J. 1324. But "where the act which causes the injury is one which the contractor was employed to do and the injury results, not from the manner of doing the work, but from the doing of it at all, the employer is liable for the acts of his independent contractor." See 39 C. J. 1535, in which numerous decisions supporting this rule are cited. The latter statement of the rule was recognized as the law by this court in an opinion by RICE, P. J., in Foehr v. N. Y. Short Line R. R. Co., 40 Pa. Superior Ct. 7, 18. It is stated in 39 C. J. at page 1331, that "a very important exception to the general rule exempting the contractee from liability for injuries caused by the negligence of an independent contractor or his servants is that, where the work is dangerous of itself, or, as often termed, is 'inherently' or 'intrinsically' dangerous, unless proper precautions are taken, liability cannot be evaded by employing an independent contractor to do it...... The taking of these precautions, it is said, is a nondelegable duty owing to third persons who may sustain injuries from the work and the contractor is considered an agent or servant for whose acts his employer is responsible." While the latter statement of the law, which the court below applied to the case, is in harmony with decisions of the courts of some jurisdictions, it is not supported by any decision of our Supreme Court, or this court, which the industry of counsel or our own examination has discovered. The Supreme Court has consistently held "that persons not personally interfering with or directing the progress of a work, but contracting with third persons to do it, are not responsible for a wrong-

ful act done, or for negligence in the performance of the contract, if the act agreed to be done be lawful'' (Wray v. Evans, 80 Pa. 102, 105), or not a nuisance (Smith v. Simmons, 103 Pa. 32), and the owner of the property can lawfully commit its performance to others: Allen v. Willard, 57 Pa. 374. See also Painter v. The Mayor of Pittsburgh, 46 Pa. 213; Edmundson v. R. R. Co., 111 Pa. 316. The rule in this state is that if the act to be done may be done without causing actionable injury to third persons or their property, in the exercise of due care, the independent contractor alone is liable for the acts done by him, or his servants. The contractee is liable only when the injury results directly from the doing of the work to be done and not from the negligent manner of its performance. The doctrine that work which is merely dangerous of itself, or ''inherently dangerous,'' cannot be delegated to an independent contractor, so as to relieve the contractee from responsibility for the negligence of the contractor, has not been approved in this state. The Supreme Court has followed the rule stated in Butler v. Hunter, 7 Hurlstone & Norman, 826, as follows: ''Where the mischief arises, not from the act itself, but the improper mode in which it is done, the person who ordered it is not responsible unless the relation of master and servant exists.'' See Jackman v. Rosenbaum Co., 263 Pa. 158, 180, 181. In the latter case the court cited with approval Engel v. Eureka Club, 137 N. Y. 100, in which the defendant had entrusted the razing of a building to an independent contractor. In doing the work a wall fell and killed two persons who were standing on the adjoining lot. It appeared that the walls of the building were in a weakened condition. The court held that ''the taking down of the wall was not intrinsically dangerous. The only danger to be apprehended was in doing it carelessly. It was in

the manner of doing it and not in the thing itself,'' and that the contractor alone was liable.

This rule is applicable to the case at bar and exonerates the defendants from liability. Conceding for present purposes that the wall was defective and unsafe and that it was the duty of defendants to remove it in order to prevent it from doing harm to plaintiff's property, it does not follow that the razing of the wall was such a dangerous task that it could not be performed without causing damage to plaintiff's property. Plaintiff's evidence is to the contrary. Two expert witnesses called by him testified that the wall could have been taken down successfully with cables, or by shoring it and taking it down brick at a time, and that the damage to plaintiff's property resulted from the negligent performance of the work by the independent contractor. There was no countervailing proof. The only rational conclusion from the evidence is that the damages sustained by plaintiff resulted from the manner of doing the work, rather than from the mere performance of it. Therefore, we are forced to conclude that the court below fell into error in holding that defendants were responsible for the negligence of their contractor because the work of razing the wall was nondelegable and the contractor was, therefore, their servant for whose act they were responsible. The court relied on Fitzpatrick v. Penfield, 267 Pa. 564, as ruling this case. In that case the defendant's wall was left standing after a fire. More than a year later the wall fell and killed a child. Plaintiff's expert witnesses declared the wall to be defective and unsafe unless properly shored and braced. This was not done. The defendant sought to excuse her liability by showing that she had experts examine the wall after the fire, and that they declared the wall to be safe. She relied on their opinion and permitted the wall to stand.

The Supreme Court held that her duty to use ordinary care to make her property reasonably safe so that no injury should befall the adjoining owners, his property, or persons rightfully thereon, was nondelegable; that is, as we understand it, that the duty was not discharged by obtaining the opinion of experts that the wall was safe and sound or by anything short of performance. The question whether the work required to make the wall reasonably safe could be delegated to an independent contractor, with the usual immunity of the employer from responsibility for the acts of such a contractor, was not involved in that case. Therefore, it does not rule this case.

It follows that defendants were entitled to the binding instructions requested by them, and their motion for judgment n. o. v. should have been granted. Instead of granting the motion the court refused it and granted plaintiff's motion for a new trial. Both orders are assigned for error. By the terms of the Act of April 22, 1905, P. L. 286, as amended by the Act of April 9, 1925, P. L. 221, it is our duty to review the action of the court below, and "enter such judgment for either party as shall be warranted by the evidence taken in that court, or......affirm the action of that court in granting a new trial." While the appellate court will not decide that the court below abused its discretion in granting a new trial if the correctness of its conclusion depends on the weight to be given to the testimony of witnesses, if the legal effect of the testimony whose verity is admitted raises a legal question which is conclusive of the case, it is our plain duty to enter the judgment which the determination of the question requires; for, in such circumstances, the granting of a new trial to a party against whom judgment should have been entered on the whole record is an error of law amount-

ing to an abuse of discretion warranting a reversal; because, in that event, a "retrial would be an injustice, antagonistic to the Constitutional provision entitling suitors to 'justice......without sale, denial or delay:'" March v. Philadelphia & West Chester Traction Co., 285 Pa. 413, and Class & Nachod B. Co. v. Giacobello, 277 Pa. 530.

The assignments of error are sustained, the order granting a new trial is reversed, defendants' motion for judgment n. o. v. is reinstated and judgment is entered for the defendants.