Pesola et ux. *v.* Tremayne, Appellant.

Submitted March 6, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Thomas M. Lewis,* and with him *Frank Slattery, Jr.,* and *Frank P. Slattery,* for appellant, cited: McAvoy v. Kromer, 277 Pa. 196; Rhoads v. Herbert, 298 Pa. 522; McAteer v. Highland Coffee Co., 291 Pa. 32.

*E. F. McGovern,* for appellee, cited: McCaffrey v. Schwartz, 285 Pa. 561; Herb v. Hallowell, 304 Pa. 128.

Opinion by Stadtfeld, J., April 17, 1933:

This is an appeal by defendant from the judgment recovered against him in an action of trespass brought by Stephen Pesola and wife against Charles Tremayne, defendant, to recover damages for the death of plaintiffs' minor daughter caused by the alleged negligence of the driver of defendant's motor truck.

On September 6, 1930, at about 5:45 P. M., the motor truck of defendant, operated by one of his servants, came from an alley alongside of the defendant's store on North Main Street in the Borough of Ashley, Luzerne County, crossed the sidewalk and turned left, in a northerly direction. There was no other traffic on the highway at the time, and plaintiffs introduced testimony to the effect that there were no cars parked

either in front of the defendant's store or across on the opposite side of the street from the defendant's store.

Main Street is a main highway in the Borough of Ashley, twenty-eight feet eight inches wide from curb to curb. Directly across from the defendant's store is a public school, the yard of which is used as a playground by children. At a point approximately opposite the center of defendant's store, is a flight of steps, leading down from this school yard to the side walk. The width of the sidewalk from the foot of these steps to the curb is twelve feet. There is a single trolley track in the center of the highway and the distance between the rails and the curb on both sides is twelve feet. The distance between the rails is four feet eight inches.

Appellees' seven and a half year old daughter descended the steps from the school yard with another girl, each one of whom was carrying in her hand a roller skate. They had been using these roller skates in the school yard playing "Choo-Choo."

The little girls crossed the sidewalk and stood at the curb. One little girl crossed the street in safety, and, as appellees' daughter got to a point at or beyond the first rail of the car track she was struck with the right front fender of defendant's truck, knocked to the ground, the right front wheel ran over her foot and the right rear wheel ran over her body. She sustained such injuries that she died at 6:15 P. M. on the same day.

According to testimony for plaintiffs, the truck continued its course and came to a stop on the westerly, or left hand side of Main Street at a point variously estimated as being from 45 to 60 feet from the point where the child was struck.

According to defendant's driver there was a car parked in front of the school; he was driving at the

rate of 18 or 20 miles an hour on Main Street in a northerly direction with the two left wheels of his truck between the rails and the two right wheels on the outside of the rail; that the first thing he knew about the little girl was when she darted from behind the parked car and that he immediately veered the truck to the left to about three feet from the curb to avoid hitting her, and that the child collided with the right rear side of the truck and fell under the wheel; that he then drove the truck down as far as Dr. Hughes's lot (the second lot from defendant's property) and stopped. On cross-examination he testified that he knew it was customary for children and other people to cross the street in front of defendant's store; that at the time of the accident he did not see any moving traffic on the street; that when he first saw the child she was about 10 feet in front of the truck and he was about the rear of the parked car, and that he applied the brakes; that going at the rate of 18 or 20 miles an hour he could stop the truck on a down grade like that on Main Street in 40 feet.

For the defendant one witness testified that the truck stopped at a distance of about 4 or 5 feet after it passed over the body; that the truck stopped, when he saw it, as the wheel passed over the child, and that he covered his eyes, and when he uncovered them he found the truck down in front of the Hughes lot.

Witnesses for plaintiffs and defendant all agreed that the truck was veered to the left when it hit the child, then straightened out along the curb and brought to a stop in front of the "Orange Cleaners," approximately forty-eight to sixty feet from the scene of the accident. Plaintiffs' witnesses, however, did not testify that the truck stopped immediately after passing over the child and before it came to a final stop. It was on this point that there was a divergence of the testi-

mony between plaintiffs' witnesses and those of defendant.

The jury rendered a verdict in favor of appellees in the sum of $2,000. Appellees submitted evidence of a total actual expense of $406.11 in connection with the care of the child after the injury and for her burial.

The court refused a motion for new trial and dismissed the rule for judgment non obstante veredicto.

Appellant urges that there was not sufficient evidence of the driver's negligence to submit to the jury. In support of the verdict we must assume the truth of plaintiffs' evidence and every inference properly deducible therefrom. There was a conflict in the testimony as to whether or not there was any car parked in front of the school house. The driver admitted that there was no other traffic on the street at the time. Andrew Shinder, a witness on behalf of plaintiffs, testified that he noticed the driver when coming out of the alley, that he did not stop but kept right on going; that he just turned his truck around, came down and just a moment afterwards the child was struck. The evidence tending to charge the driver with negligence was not overcome by inconsistent physical facts. The driver must be alert and, on seeing a child approaching his pathway, take such action, if possible, as to save it from harm. See Tatarewicz v. United Traction Co., 220 Pa. 560; also Bloom v. Whelan, 56 Pa. Superior Ct. 277. The true test, as stated by Mr. Justice FRAZER, in Kuehne v. Brown, 257 Pa. 37, is as to whether the driver in the exercise of due care should have seen the child in time to have avoided the accident; also whether after seeing her he took the proper steps to do so. Considering the location of the accident, the use of the particular point in front of the school house as a crossing place for children and adults, the speed at which the driver was traveling, and the other controverted facts, made it a case

for submission to the jury. To have withdrawn it would have been error.

Appellants have assigned as error the charge of the court as to future earnings in an alleged failure to charge how the present worth of future earnings may be arrived at. The court, on this point, charged the jury as follows: "You realize, of course, that if you find a verdict for the plaintiffs you are giving them a verdict which will be paid to them in one lump sum, for all her wages or earnings that would be paid her from month to month and from year to year during five years of the girl's life, if she lived to the age of twenty-one, and, therefore, it is your duty to reduce this lump sum to the basis of present worth today. Of course, if she lived and worked her earnings would be paid to her during those five years possibly in weekly payments or possibly in monthly or semi-monthly payments covering the period of five years. But now you are returning verdict in a lump sum. What single amount as a lump sum would be fair compensation for this loss of earning power of the girl to the parents?" In further instructions, when the jury had been recalled, the court again instructed them that "Such damages must be reduced to their present worth, as we have already instructed you."

No further or more specific charge was asked for by defendant's counsel, although the court asked whether there were any requests for additional instructions.

We do not consider that there was any reversible error in that point. In the case of McCaffrey v. Schwartz, 285 Pa. 561, the Supreme Court, in an opinion by Mr. Chief Justice Moschzisker, said, p. 568: "After deliberate consideration of the whole matter, we have now reached the conclusion that, notwithstanding the rule heretofore laid down in the cases first referred to in this paragraph, a mere failure to charge on the subject of the obligation of the jury to

reduce its award of future payments, anticipated in a verdict, to their present worth, is not always to be held reversible error, particularly in the absence of a request so to charge or of any effort to call the trial judge's attention to a lack of such instructions. On the contrary, there may be cases where, under such circumstances, the default would amount to no more than an inadequacy; therefore, we wish it understood that this particular omission will no longer be dogmatically classed by us as a reversible error." To same effect see Herb v. Hallowell, 304 Pa. 128.

In view of the amount of the verdict in this case we do not think that defendant was injured by the lack of more definite instructions.

Appellant complains that the court erred in permitting the jury to infer negligence from the distance that the truck traversed after the accident. We have already referred to the testimony on this point, and do not believe that the court erred in its charge to the jury on this matter.

Appellant complains of the alleged misquoting by the court of the testimony in relation to the distance in which defendant should have stopped the truck, instructing the jury "whether the driver should have been able to stop in this case within a distance of thirty feet as testified to by plaintiffs' witnesses or within a distance of ten feet as testified to by defendant's witnesses, before the accident is for you." In view of the testimony of Susan Gletch, playmate of the deceased child, that the truck entered Main Street from the alley distant about thirty feet from the point of the accident, and the testimony of other witnesses that there was nothing to obstruct the vision of the driver, it was a question for the jury to determine whether he should not have seen the child in time to stop his truck and avoid the accident.

But even if there was a misstatement in relation to

the testimony, counsel failed to call the error to the court's attention and can not now complain: Shade v. Llewellyn, 250 Pa. 456.

Appellant alleges error on the part of the trial court in reading to the jury Section 1004 of the Motor Vehicle Code which provides that vehicles shall travel on the right hand side of the highway and slow moving vehicles as near as possible to the right hand curb, with certain exceptions. In view of the testimony of some of the witnesses, if believed, that there were no cars parked on either side of the street, there was nothing to prevent the driver from traveling on the right half of the street, we do not think there was any substantial error on the part of the court in this respect.

Appellant assigns for error the refusal of defendant's first point which was as follows: ''No negligence on the part of defendant's driver can be inferred by the jury from the circumstances of the distance that the truck traveled after colliding with the deceased, if the jury believes that after the collision the truck was stopped five or six feet from where the body lay in the cartway.'' There was no error in the refusal of the point as drawn. The point was bad in form as not limiting the jury to the consideration of the evidence: Com. v. Nazarko, 224 Pa. 204; Finkbeiner v. Phila. R. T. Co., 86 Pa. Superior Ct. 364. In addition, the court in its general charge had already instructed the jury substantially as requested in this point.

We believe the charge of the learned judge of the lower court was fair, full and comprehensive, and that there was no such error as would warrant a reversal.

The assignments of error are overruled and judgment affirmed.