## Lucas et al., Appellants, v. Bushko.

Argued January 23, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Stanley F. Coar,* with him *David J. Reedy,* for appellants.

*Walter W. Harris,* of *O'Malley, Hill, Harris & Harris,* for appellee.

Opinion by Mr. Chief Justice Frazer, March 19, 1934:

Plaintiffs, who are father and son, appeal from the refusal of the court below to take off a judgment of nonsuit in an action of trespass to recover damages for injuries received by the minor child when struck by defendant's automobile. The accident occurred about four o'clock in the afternoon of a clear summer day, on a concrete highway running between the Boroughs of Archbald and Eynon in Lackawanna County. The child, a lad of nine years, was struck at a point where the highway is straight for a distance of 400 feet in one direction and 1,300 feet in the other. The injured boy and a playmate were on the road on a tricycle about two feet south of the center line. Upon the approach of defendant's car the children left the road in opposite directions, the minor plaintiff crossing to the northerly side of the highway, where he was hit at the edge of the pavement. Defendant's car was traveling west on the highway and stopped within its own length after striking the child. The court below entered a nonsuit "for want of proof to make out the proximate cause alleged in plaintiff's statement, which was excessive speed, lack of control, and failure to sound any warning."

We are of opinion the testimony adduced in plaintiffs' behalf was sufficient to warrant submitting to the jury the question of defendant's negligence. As to the averment of excessive speed, the learned judge of the court below relied strongly upon the fact that defendant's car stopped within its own length as negativing any negligence in that respect. The fact that the car stopped quickly would only indicate a low rate of speed upon the assumption that the driver of the car did not apply his brakes until the moment of impact. The testimony shows that the car was 150 feet distant when the boy started across the road. Defendant had sufficient time to bring his car to a standstill before striking the child unless he was traveling at a high speed. There were no obstruc-

tions on the highway and nothing to interfere with the driver's vision. Moreover, had he been looking, he must have observed the children from a considerably greater distance than 150 feet. They were on the road where they had a right to be, in plain view, and it was incumbent upon defendant to have his car under such control as to be prepared for such rash movements as may be expected of children of less than a dozen years. "When an automobile driver sees a child in a place of danger, or has reason to apprehend that he might run into a place of danger and has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision": Silberstein v. Showell-Fryer Co., 267 Pa. 298, 306. See also Anderson v. Wood, 264 Pa. 98. If the child suddenly darted in front of the moving vehicle, defendant would, of course, not be liable, but there was evidence here from which a jury could reach an opposite conclusion.

The only testimony relating to lack of control upon defendant's part was that his car was "zigzagging" as it approached the child. This may have resulted from any one of several causes but was proper for the jury's consideration.

Upon the question of failure to give warning, the testimony of the young companion of the minor plaintiff was positive and unequivocal. He testified that he did not hear a horn blown, that he was listening and would have heard it had a warning been given, and reiterated that the horn was not sounded. Appellee's counsel asserts the testimony of this boy is not worthy of belief, but we think that question was for the jury under proper instructions. See King v. Brillhart, 271 Pa. 301.

Judgment reversed with a venire facias de novo.