## Taylor v. Vernon

*Elgin E. Weest,* for plaintiff.
*Ledward & Hinkson,* for defendant.

MacDade, J.—A writ in trespass in the above cause was issued from this court on May 25, 1934, and was served on May 24, 1934, according to the return thereto by the sheriff, upon the defendant, as follows: "Summoned May Vernon, the within-named defendant, May 24th, 1934, by handing a true and attested copy of the within writ to her personally at E. F. White's funeral parlors, 1401 W. 3d St., Chester, Pa."

By reference to the records among the files of our prothonotary, it will be noted that the writ was issued as aforesaid. No point is made of this fact in a petition filed October 11th to set aside the service of process, upon which we granted a rule to show cause why service of said process should not be set aside, the sole reason assigned therefor being that defendant was privileged from being served with process while attending a coroner's inquest in the City of Chester, being under bail so to appear on May 25, 1934, as required by law and in compliance with the conditions of the said bail or recognizance.

Bail thus to appear at a coroner's inquest was exacted because the defendant, while driving an automobile along East Ninth Street in the City of Chester, in this county, at a point east of Elsinor Street or Ninth Street and McDowell Avenue, struck a two-year old child by the name of Horace Taylor, who died as a result of the personal injuries inflicted upon him. This accident occurred on

May 21, 1934, during the day. See Lucas et al. v. Bushko, 314 Pa. 310.

The defendant has entered her appearance by counsel "de bene esse", which in English is "formally, conditionally, and provisionally". It is equivalent to "provisionally", with which meaning the phrase is commonly employed, as distinguished from "generally". See In re Mikasinovich, etc., 110 Pa. Superior Ct. 252.

Hence this question is properly raised and we fear also, if the sheriff does not amend his return to show the true facts of service of process as to the date, we lack jurisdiction to proceed: Shivo et al. v. Farmers' American Mutual Fire Ins. Co., 19 D. & C. 396.

Therefore assuming that he will immediately amend his return to accord with the facts (see Trestrail v. Media-69th Street Trust Co., 23 Del. Co. 272), we proceed to discuss the sole question raised by the pleadings. Has there been a legal service of process?

We fail to discern why this unnecessary step has been taken, inasmuch as the defendant is amenable to our law as to service of process even if she be physically absent from our Commonwealth. See the Act of May 14, 1929, P. L. 1721, 75 PS §1201, as amended by the Act of April 24, 1931, P. L. 50, 75 PS §1201; Galloway v. Smith, 21 Del. Co. 301; Aversa v. Aubry, 303 Pa. 139.

However, we shall dispose of the point by stating that, although it is generally held that parties in interest in attendance at court outside of the jurisdiction of their residences are immune from service of civil process, as the process is in the instant case, while attending court and for a reasonable time before and after, in going to court and in returning to their homes: Luch v. Loughry et al., 21 D. & C. 140; yet service of summons in civil actions against nonresidents taken into custody in connection with an automobile accident, and detained in the State under recognizance for appearance on coroner's inquest, is effectual: Blair v. Fields, 21 D. & C. 239.

The service here would be sustained because: (1) The

coroner is not a judicial officer and proceedings before him are not judicial; and (2) May Vernon, the defendant, was not immune or privileged from service of a summons in trespass while attending an inquest before such coroner.

As to the first proposition, the coroner is an officer whose principal duty it is to hold an inquisition, with the assistance of a jury, over the body of any person who may have come to a violent death (or who has died in prison). While there are other duties which fall to the lot of a coroner, yet this is the only one which is pertinent to the instant case. The coroner is an independently-elected officer of the county or jurisdiction over which he presides, and cannot be deemed to be, in any sense of the word, either a person in any way receiving his power from the court or a judicial officer. The coroner only conducts quasi-criminal proceedings inquiring into the death of the person who, as stated before, has met with a violent end.

It has been ruled heretofore that in a criminal proceeding a defendant is not immune from service of process such as this while attending trial; yet in this case the defendant cannot be said to be at the time of the coroner's inquest even a defendant because the proceeding is ex parte. The inquiry determines not only the cause of death, but the party reasonably responsible for causing that death: Smith, Sheriff, v. Nicola et al., 6 Dist. R. 595, 19 Pa. C. C. 440; Commonwealth, to use, v. Huntzinger, 2 Schuyl. L. R. 80.

It seems therefore to have been well established that a defendant in a "criminal" case is not privileged from service of civil process while attending court to answer a criminal charge. It cannot be successfully contended that a coroner's inquest is a judicial proceeding; nor is he the mouthpiece of the court: Helm v. Decker, 12 Luz. L. R. 15.

The above cases are relied upon to support defendant's contention. We have analyzed and interpreted the

same and find them interesting but not causing us to determine this question differently than already expressed. The law therein expressed bears strongly against defendant's contention.

Defendant has cited in particular the case of Blair v. Fields, 21 D. & C. 239.

In that case the defendant was a nonresident, the same as here, and the court there held:

"A nonresident involved in a fatal automobile accident, who has given bail for his appearance before the coroner, is an unnamed party to a proceeding criminal in its nature, although only an ex parte investigation for the purpose of aiding in the administration of the criminal law, and is therefore not exempt from service of civil process while attending the coroner's inquest."

The court, in its opinion, further stated that while there is a lack of uniformity in the decisions of the courts, yet, certainly in Pennsylvania, it is the rule that a defendant in a criminal case is not privileged from arrest on civil process while attending court to answer a criminal charge: Wood v. Boyle, 177 Pa. 620.

That case as recited goes even further than the instant case because this defendant was not arrested and was not a defendant, and was not attending court when service was made. An inquest is to seek the evidence in a case of death by violence where the cause of death is of a suspicious nature: County of Lancaster v. Mishler, 100 Pa. 624.

We fully agree with the logic of the court's reasoning.

### Order

And now, November 27, 1934, the above matter of a rule to show cause why service of process should not be set aside coming on to be heard by the court en banc, after due consideration thereof, the court doth order and decree that: (1) The prayer of the petitioner be and is hereby refused; and (2) the rule to show cause why service of process should not be set aside be and is hereby discharged sec. reg. et sec. leg.