## Fedorovich et al., Appellants, *v.* Glenn.

Argued September 26, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Joseph Levy,* with him *W. Curtis Truxal,* for appellants.

*Leland W. Walker,* for appellee.

OPINION BY MR. JUSTICE BARNES, November 27, 1939:
This appeal is from the refusal of the court below to take off a compulsory nonsuit in an action to recover for personal injuries sustained by the minor plaintiff who was struck by defendant's automobile.

Edward Fedorovich, the minor, who was nearly twelve years of age, attended school in the Township of Quemahoning, Somerset County. On October 2, 1935, about four o'clock in the afternoon, with other children, he was being transported home in a bus provided by the school district. The vehicle, proceeding westwardly along the Lincoln Highway, reached the usual place for discharging the children, and stopped on the right side of the highway to permit several pupils, including the minor plaintiff, to alight. The right wheels of the bus rested upon the berm of the road, while the left wheels were upon the paved highway, which was thirty feet in width at this point.

The bus driver testified that he looked in both directions as soon as he brought the bus to a stop. To the

rear he had a clear view along the highway for a distance of 390 yards through three large windows in the back of the bus; toward the front his outlook extended about 270 yards. Seeing no cars approaching from either direction he opened the front door on the right side of the vehicle and permitted the children to descend to the side of the road. He also stated that he turned on or flickered the red stop-lights on the rear of the bus.

The plaintiff alighted safely, and walking or running in front of the bus, he followed a child who was crossing to the opposite side of the highway. When he had almost reached the center line of the road, he was struck by defendant's automobile traveling westwardly in the same direction that the bus was headed. He was hit by the left front fender and headlight and carried a distance of forty feet from the place of impact. Defendant was riding in the car, which was being operated at the time by her chauffeur. There was no positive testimony as to the speed of the automobile.

Both the bus driver and plaintiff testified that they did not see defendant's car prior to the accident, and did not hear the horn sounded as a warning of its approach. They testified that if a horn had been sounded they would have heard it. Witnesses said that there was sufficient room for the car to pass between the bus and the boy, but that the driver swerved to the left and toward him.

At the close of plaintiffs' case, the defendant moved for a compulsory nonsuit upon the ground that the evidence failed to establish negligence on the part of the driver, and that the injured boy was guilty of contributory negligence. The trial judge sustained this motion, and granted the compulsory nonsuit which the court in banc refused to take off, whereupon separate appeals were taken by the parents on behalf of the minor child, and by themselves in their own right.

In considering whether there was sufficient evidence of negligence to take the case to the jury, it is our

opinion that conditions were here present which should have challenged the attention of the driver of the automobile and put him upon notice that caution was required in approaching the school bus. The accident occurred in daylight and there were no objects upon the highway to obscure the vision of the driver. The weather was clear, and the bus was in plain view for a distance of at least 390 yards, as a portion of it projected upon the highway. The red stop-lights and turning signals upon the bus were lighted. Moreover, visible for a distance of 200 yards or more, were the words "School Bus" appearing in large gold letters upon the rear of the vehicle, indicating that it was used for the conveyance of school children. If the driver of the car had been duly vigilant at the time he must have perceived that children were alighting from the bus, and that one of them had actually crossed the highway. He was bound by such warning to anticipate that other children might attempt to cross the road in front of him, and it became his duty to have his car under such control that it could have been stopped upon the shortest possible notice of danger: *Quattrochi v. Pittsburgh Rys. Co.,* 309 Pa. 377, 381; *Stevenson v. Sarfert,* 310 Pa. 458, 463.

Whether the driver of the car was inattentive to his duties and failed to observe what was before his eyes until it was too late to avoid the accident, or whether he was traveling at excessive speed and without proper control of the car, are issues of fact which should have been submitted to the jury: *Frank v. Cohen,* 288 Pa. 221; *Quattrochi v. Pittsburgh Rys. Co.,* supra; *Lucas v. Bushko,* 314 Pa. 310; *Reader v. May-Stern & Co.,* 136 Pa. Superior Ct. 359. The running down of a child on an unobstructed highway in broad daylight is evidence of negligence unless he suddenly darted in front of the moving car. The record shows that this is not a "darting out" case. See *McAvoy v. Kromer,* 277 Pa. 196; *Lucas v. Bushko,* supra, (p. 313).

We have frequently referred to the duty of care which the law imposes upon the operator of a motor vehicle when approaching a place where there are children upon or near a highway, to keep a constant lookout and to have his car under such control as to avoid accident. We have said "where an automobile driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision": *Silberstein v. Showell, Fryer & Co.*, 267 Pa. 298, 306; *Lucas v. Bushko,* supra; *Wilson v. Metropolitan Pet. Corp.*, 324 Pa. 321; *Derrickson v. Tomlinson*, 326 Pa. 560; *Neidlinger v. Haines,* 331 Pa. 529.

The facts here disclosed call for the application of that principle. Viewing the evidence in the light most favorable to plaintiffs, as our rule requires, we cannot say that it would not support a finding that defendant's driver failed to measure up to the high standard of care demanded of him under the circumstances. It was error, therefore, for the trial judge to direct a nonsuit.

The court below reached the conclusion that the minor plaintiff was guilty of contributory negligence, although it stated that this question would necessarily have been submitted to the jury had a prima facie case of negligence been made out. The question of contributory negligence of a child twelve years of age is particularly one for the jury under the decisions of this Court: *Di-Meglio v. Phila. & Reading Ry. Co.*, 252 Pa. 391; *Gerg v. Penna. R. R. Co.*, 254 Pa. 316; *Donze v. Devlin*, 329 Pa. 1.

The judgment of the court below is reversed and a venire is awarded.