Fabel, Admr., *v.* Hazlett, Appellant.

Argued April 16, 1945.   Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Francis H. Patrono,* for appellant.

*John J. Moschetta,* for appellee.

OPINION BY RHODES, J., July 19, 1945:

These actions in trespass were commenced by the father as administrator of the estate of his deceased minor child, and by the father and the mother in their own right to recover damages for the death of their eleven-year-old daughter.   The cases were consolidated

for trial (*Vincent et ux. v. Philadelphia et al.,* 348 Pa. 290, 293, 35 A. 2d 65) ; and the verdict for the administrator was $500, and for the parents $272.50. Defendant's motions for judgment notwithstanding the verdicts were refused, and plaintiffs' motions for new trial were granted on the ground that the damages allowed were inadequate. Defendant has appealed from both actions of the court below, and the orders are assigned as error. See *Silveus v. Grossman et al.,* 102 Pa. Superior Ct. 365, 372, 156 A. 716, affirmed 307 Pa. 272, 161 A. 362.

The reasons given by appellant in support of her motions for judgment notwithstanding the verdicts are (1) that appellees failed to adduce evidence of negligence on part of appellant; and (2) that the deceased child was guilty of contributory negligence as a matter of law.

We are of the opinion that the trial judge properly permitted the jury to determine the question of appellant's negligence and the question of the child's contributory negligence, as the evidence was sufficient to support the conclusions of the jury on both issues.

On July 30, 1943, appellant and two companions were driving on the Beallsville-Marianna road toward Beallsville, Pa. On this day the child, prior to her fatal injury, went down a private lane on appellant's right that led into the highway. The child was visiting at a neighbor's home. There is a curve in the highway before the lane is reached, with a straight portion of road, in the direction from which appellant's car approached, between the end of the curve and the lane where the fatal accident occurred. The weather was clear, the sun was shining, the road was dry, the time was 3 :30 P. M. The child on the highway was struck by the door of appellant's car, hurled to the roadway, and died while en route to the hospital. Appellant's car swerved to the left sufficiently to avoid striking the child with the front of the car. There was testimony that appellant's car traveled a distance of 140 feet from the scene of the

accident, and stopped with the front of the car on the left-hand side of the highway, and the rear of the car projecting over the middle line thereof; and that black tire marks began a short distance south of the point of the accident and continued to where the car stopped. A witness testified that she lived near the scene of the accident, that her attention was called to the highway by the roar of a motor passing by, that she looked and saw appellant's car going in the direction of Beallsville, that she watched it for a distance of 125-150 feet until it passed out of view, that she next heard a thump, and that she ran to the highway and saw the body of the child about 25 feet north of the center of the lane. She also testified that the speed of appellant's car was 55 miles per hour or better, and that no horn was sounded before the accident happened. A member of the Pennsylvania State Police testified that appellant stated to him that she had seen the child wheeling a tire down the lane when she was 70 feet away, and that she neither reduced the speed of her car nor blew the horn because she expected the child to stop before reaching the highway.[1] Appellant herself testified that she was driving 25 miles per hour; that she did not see the child until she had reached a point 10 or 12 feet from the lane, at which time the child was only 5 or 6 feet from the highway; that she stopped her car in about 6 feet after striking the child, and then drove on to a place where she could get the car off the highway. She denied telling the state police that she had observed the child for a distance of about 70 feet. The two occupants of appellant's car corroborated her story of the accident, and testified that the child ran into the car; but one of the occupants admitted that the brakes were not applied until after the child was struck, and that the speed of the car was not reduced until after the accident had occurred.

---

[1] *Kreiter v. Bomberger,* 82 Pa. 59, 61.

This is a case where the only eyewitnesses to the accident were those who were involved in it. But the inferences to be drawn from their statements and from the attending circumstances as described by other witnesses and as shown by the photographs introduced in evidence were for the jury. The credibility of the witnesses was for their consideration, and they could reject any testimony notwithstanding that it was uncontradicted. *German v. Riddell*, 149 Pa. Superior Ct. 647, 651, 27 A. 2d 680. Appellees are entitled to the benefit of all the affirmative facts helpful to their case, notwithstanding such facts may have been adduced by appellant's testimony. *Silberstein et al. v. Showell, Fryer & Co. (No. 1)*, 267 Pa. 298, 304, 109 A. 701.

Our appellate courts have frequently said that it is the duty of a driver of a motor vehicle at all times to have his vehicle under such control that it can be stopped before injury results to any person in any situation that is reasonably likely to arise under the circumstances. *Sweet et al. v. Rounds et al.*, 349 Pa. 152, 156, 36 A. 2d 815; *Lane v. Samuels et al.*, 350 Pa. 446, 448, 39 A. 2d 626. This is especially true when the driver's view is obstructed by a curve, or in any other manner, as he is bound to anticipate that some hazard either to himself or others lies immediately beyond his range of vision. *Haney et al. v. Bobish et al.*, 153 Pa. Superior Ct. 191, 198, 33 A. 2d 268. That appellant approached the turn in the highway at a speed too great to permit adequate control of her car after she saw the child is supported by the evidence. Where a driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision. *Fedorovich et al. v. Glenn*, 337 Pa. 60, 64, 9 A. 2d 358. As to children, his duty requires that the vehicle be under such control that he can stop it in a reasonable time in an

emergency, and he must give due consideration to the fact that children do not ordinarily exercise the same degree of caution for their own safety as adults, and act accordingly. *Haney et al. v. Bobish et al.*, supra, 153 Pa. Superior Ct. 191, 198, 38 A. 2d 268. In *Frank et al. v. Cohen*, 288 Pa. 221, at page 225, 135 A. 624, at page 625, it is said that: "Children are capricious, they act heedlessly without giving the slightest warning of their intentions. They dart here and there with the exuberance of youth. No law or court edict will stop them; we shall not attempt to do so, but rather warn those who may meet them to be on the lookout."

Appellant complains of the admission of testimony by appellees as to the speed of her car, and argues that the accident could have happened notwithstanding the speed. The speed of the car is not of controlling importance. The tire marks and other evidence could have indicated to the jury excessive speed and lack of control under the circumstances. *Brennen et al. v. Pittsburgh Rys. Co.*, 323 Pa. 81, 85, 186 A. 743; *Di Gregorio v. Skinner et al. (No. 1)*, 351 Pa. 441, 444, 41 A. 2d 649. But a more moderate speed, as testified to by appellant herself, is compatible with the inference that she was inattentive to her surroundings and heedless of her duty, otherwise the accident would not have occurred. According to the testimony she observed the child for at least 70 feet, and there was no other traffic on the highway, and her obvious duty was to have her car under such control as the circumstances demanded. See *Lucas et al. v. Bushko*, 314 Pa. 310, 313, 171 A. 460. But she gambled as to what the child, in plain sight, might do in the absence of any warning of her approach; and she took no precautionary move to avoid contact with the child except to swerve her car to the left when it was too late to prevent an accident. We cannot say that the child appeared in the highway in the path of appellant's car so suddenly that there was no opportunity to avoid her, or that she suddenly ran into it

from a place of safety. See *Dugan et al. v. McGara's, Inc.*, 344 Pa. 460, 464, 25 A. 2d 718. Appellant's negligence was for the jury. See *Derr et ux. v. Rich*, 331 Pa. 502, 200 A. 599; *Haas v. Wesley et al.*, 140 Pa. Superior Ct. 453, 14 A. 2d 179.

Appellant's further complaint is that the trial judge erred in not holding that the child was guilty of contributory negligence as a matter of law. The child was eleven years and three months old. In any case "contributory negligence may be declared judicially only when so clearly revealed that fair and reasonable persons cannot disagree as to its existence": *Carden v. Philadelphia Transportation Co. et al.*, 351 Pa. 407, at page 409, 41 A. 2d 667, at page 668. But, as our Supreme Court said in *Fedorovich et al. v. Glenn*, supra, 337 Pa. 60, at page 64, 9 A. 2d 358, at page 360: "The question of contributory negligence of a child twelve years of age is particularly one for the jury under the decisions of this Court: Di Meglio v. Phila. & Reading Ry. Co., 252 Pa. 391 [97 A. 476]; Gerg v. Penna. R. R. Co., 254 Pa. 316 [98 A. 960]; Donze v. Devlin, 329 Pa. 1 [195 A. 882]." The evidence does not conclusively show, as appellant contends, that the accident happened by the child's suddenly running into the right side of her car. Cf. *Di Gregorio v. Skinner et al. (No. 1)*, supra, 351 Pa. 441, 445, 41 A. 2d 649; *Miller v. Carey*, 117 Pa. Superior Ct. 218, 177 A. 511; *Pesola v. Tremayne*, 108 Pa. Superior Ct. 535, 165 A. 661.

This case, on both issues—negligence of appellant, and the contributory negligence of the child—was one for the determination of a jury.

Appellant assigns as error the order of the court below granting a new trial to appellees. The granting of a new trial for inadequacy of the verdict is a matter for the sound discretion of the court below, and its action will not be reversed except for a clear abuse of discretion. *Gettemy et al. v. Grennan Bakeries, Inc.*, 145 Pa. Superior Ct. 405, 408, 21 A. 2d 465. We agree

with the court below that, if appellees were entitled to recover at all, the verdicts were inadequate. See *Liguori et al. v. City of Philadelphia,* 351, Pa. 494, 502, 41 A. 2d 563.

The orders of the court below are affirmed.

President Judge BALDRIGE and Judge DITHRICH dissent.