Juchniewicz *v.* Hawthorne, Appellant.

Argued September 27, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Thomas E. Comber, Jr.,* with him *Pepper, Bodine, Stokes & Schoch,* for appellant.

*Benjamin Sork,* with him *Blumberg & Sork,* for appellees.

OPINION BY RHODES, J., October 24, 1945:

Appellant questions the sufficiency of the evidence to establish negligence on the part of his servant in the operation of his truck. Suit was instituted on behalf of plaintiff, a minor, by his guardian to recover damages for personal injuries. The jury returned a verdict in favor of plaintiff. From the judgment entered on the verdict as reduced, this appeal was taken.

Appellant assigns as error the refusal of his motion for judgment notwithstanding the verdict. The court below in refusing appellant's motion for judgment n. o. v. was of the opinion that the testimony was sufficient to require the submission of the case to the jury.

Plaintiff was eight years of age at the time of the accident. He had alighted from a trolley car which had proceeded north on Richmond Street, Philadelphia, and had stopped at its regular stopping place at or about the intersection of Richmond Street and Hedley Street. The accident happened about 4:30 o'clock in the afternoon. It was light and the day was clear. Richmond Street runs north and south, and is 34 feet wide from curb to curb. It has double car tracks in the middle of the street, the tracks to the east of the center being for northbound traffic, and those to the west of center for southbound traffic. Hedley Street joins Richmond Street from the east only, and is 20 feet wide between curbs. Croyden Street joins Richmond Street on the west only, and the north curb line of Croyden is 60 feet south of

the south curb line of Hedley Street if extended. Plaintiff was in the act of crossing from the east to the west side of Richmond Street when he was injured by appellant's truck, which was proceeding south on Richmond Street.

Two witnesses testified as to the happening of the accident, the plaintiff and the driver of appellant's truck. The plaintiff testified that he alighted from a northbound trolley car at Richmond and Hedley Streets; that he got off from the middle of the trolley and "went on the pavement"; that he then "turned in front of the trolley," crossing toward the west side of Richmond Street; that in crossing Richmond Street he entered the space between the northbound and southbound traffic; and that as he reached the first rail of the southbound track he was struck by appellant's truck.

Appellant's driver testified that the accident happened about 4:30 in the afternoon; that it was light and the day was clear; that the accident happened as the truck was passing or crossing Hedley Street; that as he approached Hedley Street from the north there was a trolley car facing north on the northbound track at Hedley Street; that there was nothing in the street to prevent him from seeing the trolley car that was at Hedley Street; that he first saw the trolley car when he was at Bristol Street, and at that time the trolley car had just reached Hedley Street and was coming to a stop; that at the time of the accident appellant's truck, which he was driving, was being operated at a speed of between 15 and 20 miles per hour. This witness also testified that he had, prior to the accident, driven appellant's truck west on Hedley Street to Richmond, turned north on Richmond and proceeded to Orthodox Street. Having turned south on Richmond Street he observed the trolley car at Hedley Street as he was at Bristol Street at least 200 feet distant. At this time he also saw a truck parked on the west side of Richmond Street opposite Hedley Street, and as a result he drove in the southbound

trolley track. Other portions of this witness' testimony were contradictory of that of plaintiff. The witness further testified that the trolley car was just starting as he approached Hedley Street; that he first saw plaintiff close to the truck's front fender "running across the street from in back of the trolley"; that the plaintiff was struck when he reached the west rail of the northbound trolley track; that the plaintiff was crossing at a point about 50 feet from the south curb line of Hedley Street; that, when he saw the plaintiff close to the left fender of the truck, he applied the brakes; that the boy ran into the door of the truck.

We find no merit in appellant's argument that plaintiff is bound by all of the testimony of appellant's driver, who was called as plaintiff's witness. For us to conclude that appellant's driver was not negligent as a matter of law, we would be required to accept that witness' version of the accident and disregard the testimony of the plaintiff. We think the jury could conclude from the testimony of the plaintiff and acceptable parts of the testimony of appellant's driver that the latter was inattentive to his duty and failed to observe what was before his eyes until it was too late to avoid the accident. *Fedorovich et al. v. Glenn,* 337 Pa. 60, 63, 9 A. 2d 358.

The testimony of the plaintiff and that of the witness was in part contradictory, and in addition there were discrepancies in the testimony of the witness—appellant's driver. The latter at one time testified that the accident happened as he was passing or crossing Hedley Street, and at another time he testified that it occurred at the north curb line of Croyden Street. Consequently, plaintiff was not bound by the testimony of this witness. The jury could believe plaintiff's account rather than that of his witness. *Kohler v. Pennsylvania R. Co.,* 135 Pa. 346, 357, 19 A. 1049; *Fetterolf v. Yellow Cab Co. et al.,* 139 Pa. Superior Ct. 463, 472, 11 A. 2d 516. The jury would be justified in accepting parts of the driver's testimony, and in disregarding such other parts it con-

sidered improbable or incredible. The credibility of both witnesses was for the jury. *Fabel v. Hazlett,* 157 Pa. Superior Ct. 416, 420, 43 A. 2d 373.

Appellant's driver had an unobstructed view of the trolley car as it reached Hedley Street when he was still at a distance of at least 200 feet. He testified that he saw the trolley car coming to a stop at Hedley Street; and that when he reached the trolley car it started to move. If plaintiff had crossed in front of the trolley car, as he testified, it would logically be at this point that the contact with the truck occurred. Such inference may properly be drawn from the testimony, and plaintiff is entitled to the benefit thereof. *Cunningham v. Pennsylvania R. Co.,* 352 Pa. 571, 574, 43 A. 2d 825. In the meantime appellant's driver, had he been looking, should have seen the child crossing in front of the standing trolley car, and should have exercised such care as was reasonably necessary to avoid an accident. *Lucas et al. v. Bushko,* 314 Pa. 310, 313, 171 A. 460.

This is not a darting out case, as the evidence does not conclusively show that the accident happened by plaintiff's suddenly running into the side of appellant's truck. *Fabel v. Hazlett,* supra, 157 Pa. Superior Ct. 416, 422, 43 A. 2d 373. Moreover, the running down of a child on an unobstructed highway in broad daylight is evidence of negligence unless he suddenly darted in front of the moving car. *Fedorovich et al. v. Glenn,* supra, 337 Pa. 60, 63, 9 A. 2d 358.

Under the circumstances, it was for the jury to say whether appellant was chargeable with negligence in the operation of his truck. A verdict was rendered in favor of the parent of the minor plaintiff for expenses. What we have said controls the judgment entered thereon.

Judgments are affirmed.

HIRT, J., dissents.