Allender et al. *v.* Borough of New Brighton, Appellant.

Argued April 18, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Joseph Knox Stone,* and with him *Charles H. Stone,* for appellant.

*Richard S. Holt,* and with him *Clyde Holt* and *Harry B. Richardson,* for appellees.

OPINION BY TREXLER, J., July 2, 1929:

This is an action in trespass brought by the father and mother of Ruth Allender in their own right and for Ruth Allender by her father. While running down a hill on a sidewalk in the Borough of New Brighton, she met with an accident caused by a pile of dirt some two feet high which extended across the sidewalk within a foot of the curb. The obstruction was composed of rubbish, old plaster, broken stones, etc., and was plainly visible.

The obstruction was on the sidewalk long enough to carry constructive notice to the borough of its presence. It was the duty of the borough to keep its sidewalks in a reasonably safe condition for the use of the travelling public and that includes children. They, as the court below remarked, have rights the same as older persons. The borough was bound to know that young children are liable to play on the sidewalks. In Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609, 612, quoted by the court below, our late Brother HENDERSON stated, "It is a well established rule that those controlling property on, or immediately adjacent to, a public highway must have regard to the reckless and thoughtless tastes and traits of childhood. The owners of the premises are required in such cases to anticipate that children may use the highway, and in so doing be exposed to any unsafe object placed thereon." This observation applies to a municipality as well as to those owning property along a street and as the lower court stated, "The Borough of New Brighton ought

to have anticipated that children might play and might run along the sidewalks in the borough.'' Whether the borough was negligent or not in permitting this obstruction to remain on the pavement, we think was for the jury and not a question of law for the court and we are all of the opinion that the judgment should stand.

The judgment is affirmed.