## Moore et ux. *v.* Leininger, Appellant.

Argued January 27, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*H. S. Craumer,* with him *George Eves,* for appellant, cited: Windle v. Davis, 275 Pa. 23; McCaffrey v. Schwartz, 285 Pa. 561; McLane v. Rys., 230 Pa. 29; Gerber v. Phila., 60 Pa. Superior Ct. 119; Goodhart v. R. R., 177 Pa. 1; Fuher v. Coal Co., 272 Pa. 14, 17; Lessig v. Tr. & Light Co., 270 Pa. 299; Hill v. Transit Co., 271 Pa. 232; Bornscheuer v. Traction Co., 198 Pa. 332; Ely v. Ry., 158 Pa. 233; Goater v. Klotz, 279 Pa. 392; Bunting v. Goldstein, 283 Pa. 356.

*John B. Stevens,* with him *Harry W. Lee,* for appellees, cited: Ely v. Ry., 158 Pa. 233, 238; Martin v. Traction Co., 261 Pa. 96, 99; Natvig v. P. R. T. Co., 293 Pa. 355, 359; Rines v. Witman, 296 Pa. 181, 184; Kuehne v. Brown, 257 Pa. 37; McCaffrey v. Schwartz, 285 Pa. 561; Snyder v. R. R., 284 Pa. 59; Broomall v. R. R., 296 Pa. 132; Fortney v. Breon, 245 Pa. 47.

OPINION BY MR. JUSTICE WALLING, March 17, 1930:

Fourth Street, extending through the City of Reading in a northerly and southerly direction, is of the width of sixty feet with a paved cartway therein thirty-three feet wide, in the center of which is a single track street railway. The home of the plaintiffs, Thomas Moore and wife, is on the east side of Fourth Street, south of Franklin Street. On the afternoon of April 11, 1928, their six year old daughter, Joan, on returning from school, came along the west side of Fourth Street and was seen with another child in front of a garage, two or three hundred feet south of her home. From there she started to cross the street and was killed by defendant's southbound truck. This action to recover for her death resulted in a verdict and judgment for plaintiffs, and defendant has appealed. Admittedly it was his truck and being operated in his business; but it is urged there was not sufficient evidence of the driver's negligence to submit to the jury. This is untenable.

In support of the verdict, we must assume the truth of plaintiffs' evidence and every inference properly deducible therefrom. This evidence tended to show the child was struck near the east curb. When starting, she came out between cars parked at the west curb. From there she walked in the open street in sight of the driver, with nothing to obstruct his view or distract his attention while she was walking across the street. It was defendant's contention that the child was hit while between the street car tracks. This is supported by the fact that her body and blood from the accident were

found there. Even so, the question of the driver's negligence was for the jury, for in that event, the child walked over ten feet in full view of the driver, after clearing the parked cars. During that time the truck, going at fifteen miles an hour, would cover at least fifty feet. Whether the driver should have been able to stop within that distance was for the jury. That he did not, and that the truck ran approximately fifty feet after the accident, point to lack of proper control or of proper attention on his part. Had he even slackened his speed the child would have cleared his pathway. Hence, the evidence tending to charge the defendant with negligence was not overcome by inconsistent physical facts. The driver of a motor car must be vigilant at all times and keep a constant lookout. See Newman v. Protective Motor Service Co., 298 Pa. 509. In other words, the driver must be alert and, on seeing a child approaching his pathway, take such action, if possible, as to save it from harm. See Tatarewicz v. United Traction Co., 220 Pa. 560; also Bloom v. Whelan, 56 Pa. Superior Ct. 277. The true test, as stated by Mr. Justice FRAZER, in Kuehne v. Brown, 257 Pa. 37, is as to whether the driver in the exercise of due care should have seen the child in time to have avoided the accident; also whether after seeing it he took proper steps to do so.

This was not a darting out case, as the child was walking and not running and was in view of the driver for such time as justified a finding that with the exercise of due care he might have avoided the accident.

The evidence for plaintiffs was that their children became wage earners at the age of sixteen years and the only other complaint is that the trial judge erred in the charge as to the present worth of future damages. This question has proved a stumblingblock for judges and jurors and the charge here left some excuse for criticism, yet, taken as a whole, we cannot say it contains reversible error. True, the inadvertent remark that the sum allowed should be such that its interest would equal the

child's earnings, was wrong, but substantially corrected at the suggestion of plaintiffs' counsel, and the amount of the verdict shows it was disregarded. The judge at least five times told the jury they should find the present worth of future damages and gave some explanation of that matter. Again, at the conclusion of the charge, when the judge asked defendant's counsel if he had anything further, he replied, "No," and took only a general exception. Under such circumstances, mere inadequacy of the charge on the question of damages affords no ground for a new trial: Com. v. Newman, 276 Pa. 534. In Broomall v. P. R. R. Co., 296 Pa. 132, 140, Mr. Justice SADLER, speaking for the court, says: "The law is well settled that where a litigant fails to avail himself of an opportunity offered by the trial judge to suggest inaccuracies in its charge, he cannot complain thereafter, if there was a failure to correct the language employed. This principle has been maintained in a long line of cases, of which Loughrey v. P. R. R. Co., 284 Pa. 267, is an illustration. Plaintiff had his opportunity in court, and the only possible error could have been corrected on trial, had it been thought of any importance." See also Snyder v. Reading Co., 284 Pa. 59, and cases there cited. In Windle v. Davis, Director Gen., 275 Pa. 23, 29, referring to the present worth of future damages, we said: "When passing upon the question of future damages they [the jury] can allow, as the present worth, such sum only as put at simple interest will, with the accumulations of interest, amount to such damages at the time or times in the future when the jury find from the evidence they will be sustained." Something along that line is about all that can profitably be said on the subject. Present worth tables are not admissible in such case and even a failure to charge thereon will not dogmatically be classed as reversible error by an appellate court where no request was made for such instructions: McCaffrey v. Schwartz, 285 Pa. 561. In the case just cited, the Chief Justice, speaking for the court, holds

that the Carlisle tables and American tables of mortality are improperly received in evidence unless accompanied by careful instructions concerning their use and a statement of all the factors which tend to limit their application. The admission of the Carlisle tables, without so limiting their application, led to a reversal in the very recent cases of Aylesworth v. Hays, 299 Pa. 248, in which the opinion of the court was written by Mr. Justice SCHAFFER. The less jurors are burdened with complicated tables and the necessity for complex calculations, the more likely they will be to do substantial justice.

While the verdict in the instant case was substantial, it was not such as to indicate that the jury had been misled by the charge of the court.

The judgment is affirmed.