O'Donnell et al. *v.* Booth & Flinn, Ltd., Appellant.

Argued October 7, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Simon T. Patterson,* of *Patterson, Goehring, McClintock & Collin,* for appellants.—The right of the public to use of the highway is subordinate to the right of the public authorities to make reasonable repairs for the public benefit.

The doctrine of the duty to anticipate childish acts must be kept within reasonable bounds: O'Gara v. Electric Co., 244 Pa. 156; Thompson v. R. R., 218 Pa. 444; Kosson v. Power Co., 293 Pa. 131.

The verdicts for plaintiffs based on the evidence produced by them should not be permitted to stand: Mack v. Gypsum Co., 288 Pa. 9.

The question of contributory negligence was for the jury: Tomasak v. Boro., 98 Pa. Superior Ct. 473.

The judgments are against the evidence and are grossly excessive.

The charge was erroneous in that it imposed too high a duty of care on defendant: Perry v. Thomas Cronin Co., 279 Pa. 1.

*H. Fred Mercer,* for appellees.—In lowering the pan of the concrete mixer on a child while returning from school on a public highway at a public crossing in the presence of other small children, when the operator of the concrete mixer could have seen the child, appellant was guilty of negligence.

Appellant knew of the presence of children and gave them no warning: Mulhern v. Bread Co., 257 Pa. 22; Silberstein v. Showell, Fryer & Co., 267 Pa. 298; Moore v. Leininger, 299 Pa. 380; Eichenhoffer v. Phila., 248 Pa. 365; Allender v. Boro., 96 Pa. Superior Ct. 240; Euler v. Pittsburgh, 85 Pa. Superior Ct. 542; Sostanza v. Coal Co., 276 Pa. 90; Lineaweaver v. Wanamaker, 299 Pa. 45.

The question of contributory negligence was properly submitted to the jury: Gallup v. Rys., 295 Pa. 203; Moore v. Leininger, 299 Pa. 380; McCormick v. Bicker-

ton, 251 Pa. 466; Keller-Pike Co. v. Wetter, 252 Pa. 340; Jarvis v. Bell, 296 Pa. 568.

The verdicts as reduced are fair.

OPINION BY MR. JUSTICE SCHAFFER, November 24, 1930:

In this case damages are sought by a mother for injuries to her minor son and for the loss which she sustained thereby. The jury rendered a verdict in favor of the minor for $10,000, and for the mother for $5,000. The court below reduced these sums to $6,500, and $2,500 respectively and judgments were entered thereon, from which defendant appeals.

Appellant was engaged in laying the concrete foundation of a street in the City of Pittsburgh. As part of its equipment for the work it used a concrete mixer with a heavy pan attached, which raised the materials going into the mixer from the street level and poured them into the machine. It was operated by a gasoline engine. The machine was located at a street crossing. On the day in question, June 17, 1927, which was the last day of the school year, the minor plaintiff, between ten and eleven years of age, on his way from school with a group of other children, walked along the street on which the concrete mixer was operated, and, when he came to the crossing and was opposite the mixer, passed underneath the pan which at that time was suspended in the air, and, while he was beneath it, the pan was lowered upon him, inflicting the injuries for which damages were sought.

It was testified by the boy and by others of his companions that, at the time he passed underneath the pan, the machine was not being operated, that the men in charge of it were eating their lunch, and that the pan was dropped upon him by one of them who was not observent of his approach and who gave no warning that the pan was to be lowered. On the part of the defendant, the testimony strongly indicates that the real

situation was that the mixer was in operation, that the boy suddenly darted under the pan, and that, owing to the quickness of his movement, there was not sufficient time to fully safeguard him, although, when his danger was appreciated by the operator of the pan, he stopped its downward course sufficiently far from the ground not to crush the boy. Under this conflicting testimony, we think the court properly submitted the case to the jury. In view of the fact that there were a number of children close by the machine, who were observed by those in charge of it, it was their duty to see that none of the children came in dangerous proximity to the descending pan, and if the jury concluded, as they could under the testimony, that while the minor plaintiff was walking past it, the pan was lowered upon him, this would be a negligent act on the part of the defendant. If the boy darted under it so suddenly that no precaution could be taken for his safety, no responsibility would be fixed upon defendant. While no closely parallel authority has been cited to us, the principles laid down in such cases as Silberstein v. Showell, Fryer & Co., 267 Pa. 298; Moore v. Leininger, 299 Pa. 380; Eichenhofer v. Phila., 248 Pa. 365; Allender v. Borough of New Brighton, 96 Pa. Superior Ct. 240, and Euler v. City of Pittsburgh, 85 Pa. Superior Ct. 542, afford legal warrant for the submission of the case to the jury and under the disputed facts it would not have been proper to give binding instructions in defendant's favor, as it contends should have been done.

Complaint is made by appellant that the court did not properly instruct the jury on the subject of contributory negligence and an excerpt from the charge is quoted, in which the jury was told, "It is the law of Pennsylvania that one who claims he has been injured by another is not entitled to recover unless he has used due care for his own safety. That has very little application to the minor plaintiff here and could not apply to him because he is so young." Standing

by itself, this instruction was erroneous, but when the entire charge on the subject of contributory negligence is taken into account, we feel the instruction did the defendant no harm. The court told the jury that if the boy suddenly darted in front of the machine and under the pan, there could be no recovery. They were also told that they should take into account what should have been expected of a boy of his age and experience. At the close of the charge when the judge's attention was called to his instructions on the subject of contributory negligence, he said to the jury, "You have to consider whether the boy did his duty and whether his injury was occasioned by his failure to do his duty in this case. As I said to you, his duty is measured not by the due care you expect of an adult, but by the care for himself which could reasonably be expected of a child of his age and experience." No further instructions were asked in this regard. We conclude that the language used sufficiently stated the legal situation to the jury and was not prejudicial to the defendant.

It is also urged upon us that the verdicts, even as reduced, are excessive. While they seem to us high under the testimony, we are not prepared to say that they are so unreasonable as to warrant our ordering a new trial.

The judgments are affirmed.