## Murray et ux. *v.* Hoffman, Appellant.

Argued October 9, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*David Friedman,* and with him *Alexander M. De-Haven,* for appellant.

*Albert L. Moise,* for appellee.

PER CURIAM, November 22, 1934:

There are four separate appeals from two separate actions in trespass brought in the municipal court. They were argued together. Damages were claimed for injuries received in an automobile collision. At the trial the judge in his charge to the jury, without any motion on behalf of the defendant, stated that as to Joseph Murray, one of the plaintiffs, "there is no damage shown for him, therefore, the trial judge will enter a non-suit as to Joseph Murray." The verdicts rendered in favor of the other plaintiffs were $15 for Florence Murray; $96.82 for Albert J. Murray and $25 for Helen Murray. The court en banc took off the non-suit as to Joseph Murray and granted a new trial to the other plaintiffs for the reason that the verdicts were inadequate. This action of the court is the subject of the present appeal. Defendant argues that as there is a rule of court which provides that a motion to take off a non-suit must be filed within four days

after the verdict is rendered, the court should not have taken it off. It may be conceded that as a matter of absolute right Joseph Murray had no standing to be heard in his motion to remove the non-suit. The time under the rules had expired. This, however, did not prevent the court to act favorably on the motion if the interests of justice demanded it. We find no abuse of discretion in this. The rules of court are designed to expedite the administration of justice, not to prevent its exercise. Having granted a new trial to the other plaintiffs it was no more than right that Joseph Murray should have the same privilege. The entering of the non-suit, during the delivery of the charge, was improper and although it is not so stated in the opinion filed by the court en banc, it may have been in its mind that if a motion had been made in the usual way and reasons for it assigned, the plaintiff might have supplemented his proof or at least asked the court to allow him to do so.

The reason for the granting of a new trial was the inadequacy of the verdicts. A reading of the testimony shows plainly that the amount is very small in comparison to the damages sustained. For example, Mrs. Helen Murray was awarded $25. She testified what her injuries were. She suffered with her teeth; she was treated by the doctor a number of times; took a large quantity of aspirin to kill the pain and she was informed by the doctor that she had a kind of tumor; her cheek was black and blue and her face was swollen terribly, she did not go out of the house for ten days and was still at the time of the trial suffering pain in the back of her head. A similar observation could be made as to the other plaintiffs. We find no abuse of discretion in the action of the court.

Nos. 284, 286 and 287; in each the order of the lower court granting a new trial is affirmed. In No. 285, the order taking off the non-suit is affirmed.