## Kuebler et ux. *v.* Roberts, Adr., Appellant.

Argued December 14, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Irving W. Coleman,* for appellant.

*Martin H. Philip* and *Bernard M. Goodman,* for appellee, were not heard.

PER CURIAM, January 30, 1940:

The court below was of opinion that the verdict in favor of the wife plaintiff for $402.50 for damages for personal injuries alleged to have been suffered by her at the hands of the defendant's decedent was so grossly inadequate as to call for the granting of a new trial as to her.

The evidence produced on her behalf showed that she was shot in the head on February 6, 1939. The bullet entered her head near the temple, plowed its way through, and came out on the other side. A portion of the bullet or missile, however, seems to have lodged in her head, for X-ray pictures show a piece of metal imbedded there. It was a wonder that she was not killed. The testimony of her witnesses shows that she was in the hospital for two weeks; that she endured great pain and suffering and had to take numerous drugs and anesthetics to relieve her suffering. Her eyesight may have suffered a permanent partial disability, and the injury has affected certain nerves and muscles controlling her jaw, causing a droop of her mouth.

We held in *Lemon v. Campbell*, 136 Pa. Superior Ct. 370, 7 A. 2d 643, that where the trial court, in its discretion, deems the verdict of the jury grossly inadequate, it is its duty, on motion of the plaintiff, to grant a new trial; that it cannot enter a conditional order refusing to grant a new trial on the defendant's stipulating for an increase in the verdict. See *Bradwell v. Pittsburgh & W. E. Pass. Ry. Co.*, 139 Pa. 404, 20 A. 1046; *Dimick v. Schiedt*, 293 U. S. 474.

In the circumstances, we find no abuse of discretion by the court below in granting a new trial.

Order affirmed.