Haas *v.* Wesley et al., Appellants.

Argued March 5, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ.

*Frank P. Slattery,* for appellant.

454

*T. G. Wadzinski,* with him *J. Thirwall Griffith,* for appellees.

OPINION BY RHODES, J., June 24, 1940:

This action in trespass was brought to recover damages for injuries sustained by plaintiff (a minor) when he was struck 'by an automobile driven by George Eugene Wesley, one of the defendants, and owned by Elsie Wesley, his mother, the other defendant. The jury rendered a verdict for plaintiff. Defendants' motion for judgment in their favor n. o. v. was denied by the court below, and they have appealed.

Appellee has the verdict, and the evidence must be viewed in the light most favorable to him. *Korenkiewicz v. York Motor Express Co., Inc.,* 138 Pa. Superior Ct. 210, 10 A. 2d 864.

Near noon on April 25, 1936, a clear day, appellant driver was operating his mother's automobile south on Mill Street in West Nanticoke, Pa., approaching a horse-drawn wagon which was proceeding slowly north on the same street. Appellee, then six years of age, was walking across Mill Street, from east to west, behind the wagon. As he emerged from behind it and reached the middle of the street, he was struck by the front of the left front fender of the automobile operated by appellant driver. After the accident he was lying a little to the east of the midline of the street at a point 60 feet north of the nearest intersection. This point was 25 to 40 feet from the rear of the wagon, which was stopped when the driver heard the noise arising from the accident.

Mill Street is paved with concrete for its full width of 18 feet, and from the intersection previously mentioned there is an unobstructed view of 750 feet to the north. There are no sidewalks. Appellant driver told the parents of appellee that he saw the latter's legs through the open space between the bed of the wagon and the surface of the street when he was 50 feet away,

and at the trial appellant driver testified that he saw appellee when he was 30 feet away, but did not blow his horn. Appellant driver estimated his speed at 15 miles per hour. There was no direct evidence of higher speed, but there was evidence that appellee was picked up 10 feet to the rear of the automobile after the accident.

Appellant driver described his first view of appellee as follows: "I noticed the boy's hands, the child's hands, both above the wagon, ...... all I could see was the boy's hands and him, little of the top of his head. ...... Q. Did you see enough of him to know that it was a child? A. Yes, sir."

Whether appellee was walking across the street behind the wagon or hanging on the rear of it was for the jury to decide in view of the conflicting testimony. There was ample evidence that he was walking across the street at the time he was struck by the automobile, but since appellant driver was aware of his presence on the highway it would appear to be immaterial which he was doing.

In *Moore et ux. v. Leininger,* 299 Pa. 380, 149 A. 662, a six year old child came out from between two parked cars, and after clearing them walked 10 feet in full view of the driver of defendant's truck when she was struck and killed thereby. Our Supreme Court said (p. 383) : "This was not a darting out case, as the child was walking and not running and was in view of the driver for such time as justified a finding that with the exercise of due care he might have avoided the accident."

In *Derr et ux. v. Rich,* 331 Pa. 502, at page 505, 200 A. 599, at page 600, we find the following applicable statement: "The sole question in the case is whether the evidence indicates that the child was in the highway such a length of time before the accident occurred that the defendant in the exercise of due care should have seen him and avoided the accident. If this be true, then the rule does not here apply that drivers of auto-

mobiles are not required to anticipate that a child will suddenly run from a place of safety into the path of oncoming vehicles: [Cases cited.]"

In the case at bar appellant driver admitted that he saw appellee 50 feet away, and knew he was a child. Consequently, in this respect, the case is no different in principle from those such as *Moore et ux. v. Leininger,* supra, and *Johnson et al. v. Abbotts Alderney Dairies,* 295 Pa. 548, 145 A. 605, where the child was in full view of the operator of the automobile. See, also, *Anderson v. Wood,* 264 Pa. 98, 107 A. 658. The fact that the operator of an automobile has an unobstructed view of the highway before him permits the inference that he would have seen a pedestrian thereon had he been looking; where the operator admits seeing the pedestrian despite the obstruction, its presence becomes insignificant. Considering the testimony in the instant case, appellant driver was just as aware of appellee's presence in the street as if the wagon had not been there.

The situation here is that of a motorist observing a child crossing the street 50 feet in advance of his automobile, who, by his own admission, gave no warning of the approach of his vehicle, nor is there evidence that he attempted to stop or decrease its speed. The testimony was sufficient to carry the case to the jury, and warranted the verdict.

It has frequently been held that the character of proof to impute negligence where an accident occurs between street crossings is different from that necessary where the injury occurs at a public crossing (*McAvoy v. Kromer et al.,* 277 Pa. 196, 199, 120 A. 762; *Frank et al. v. Cohen,* 288 Pa. 221, 224, 135 A. 624); but where an automobile driver sees a child in a place of danger, or has reason to apprehend that it might run into a place of danger, and has sufficient time to stop his car if under proper control, it is his duty to exercise such care as would be reasonably necessary to avoid a collision (*Silberstein et al. v. Showell, Fryer & Co. (No. 1),* 267

Pa. 298, 306, 109 A. 701; *Fedorovich et al. v. Glenn,* 337 Pa. 60, 64, 9 A. 2d 358).

The test here is whether, after seeing appellee in the highway, appellant driver took proper steps to avoid the accident. *Moore et ux. v. Leininger,* supra, p. 383. We cannot say as a matter of law that appellant driver was not guilty of negligence when, although cognizant of appellee's presence on the highway at a distance of 50 feet from his automobile, he continued at undiminished speed and without warning. The facts would indicate a lack of proper control or a lack of proper attention on the part of appellant driver under the circumstances. Assuming that the jury accepted appellant driver's testimony that his speed was 15 miles per hour, which they were not required to do, that in itself would not excuse him. It was his duty to stop if necessary to avoid injury, and it was for the jury to say, under the circumstances, whether he could have done so. When a child is on the street, or in the act of crossing, admittedly visible, the driver's obvious duty on approaching the spot is to bring his car under such control as the circumstances demand, so that, responsive to the child's capricious acts, he can stop to avoid injury. *Silberstein et al. v. Showell, Fryer & Co. (No. 1),* supra, p. 306; *Johnson et al. v. Abbotts Alderney Dairies,* supra, p. 549.

Judgment is affirmed.