Gettemy *v.* Grennan Bakeries, Inc., Appellant.

Argued May 1, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*John D. Meyer,* with him *John R. Keister,* for appellees.

OPINION BY KELLER, P. J., July 18, 1941:

This was an action of trespass brought by the guardian of a small child and by the child's parents to recover the damages sustained by them respectively, as a result of injuries inflicted on the child when she was knocked down by defendant's truck while playing on the public road on her way home from school. The child, who was six years old at the time of the accident, was badly hurt, both her femurs being fractured, in addition to bruises, contusions, etc., in consequence of which she suffered great pain and was confined in a hospital for nearly two months, and has a malformation of her legs, which unless corrected by treatment or operation will be permanent.

The jury returned verdicts (1) in favor of the child for $100, and (2) in favor of the parents for $400. The plaintiffs moved for a new trial because of the inadequacy of the verdicts. The defendant moved for judgment non obstante veredicto. The court refused judgment non obstante veredicto for the defendant but granted a new trial because of the inadequacy of the verdict for the child. Defendant appealed.

The case was a close one on the facts, but we are not
satisfied that the testimony was such as to require the
court below to hold defendant's driver free of negli-
gence as matter of law. The injured child, her brother
then seven years old, and another boy, Bobby Somers,
also seven years old, were on their way home from school
shortly before noon on a clear day, and were walking,
running and playing along the road, paved with cement,
sixteen feet wide, with good-sized earth berms or spaces
on each side of the paved road. The neighborhood was
sparsely settled and the traffic inconsiderable. No
other automobiles were then on the road. The children
were going in single file on the concrete road towards
the direction from which the defendant's car was com-
ing, and on their left side of the road, that is, the de-
fendant's right side. They were playing and in the
course of it ran across the road and back, and were
plainly in view of defendant's driver for nearly six
hundred feet. The latter testified that he had been
traveling twenty or twenty-five miles an hour going up
hill, but picked up speed when he got over the top of
the hill, to where the road was practically level—just
a slight down grade—when he saw the children coming;
that his car had a governor on that prevented his going
faster than thirty-five or thirty-eight miles an hour;
that as he got near the children he slowed down his
truck "a *little*" and pulled over to the center of the
road "to avoid any mishappening which I thought might
happen"; that as he was thus proceeding the little girl,
apparently in response to some playful gesture by one
of the boys, ran across the road; and that he applied
his brakes but could not stop in time to avoid hitting
her. There is no testimony in the case that he was
traveling at an undue or unlawful speed for ordinary
circumstances, but having in mind the tendency of
small children, while playing, to be heedless of ap-
proaching traffic, the jury may well have concluded that
the driver should have slowed down his speed more than

"a little" while nearing and passing the children and reduced the speed to such an extent that he could stop the truck *immediately* if one of them should run across the road, and thus avoid all possible danger to them likely to happen because of their natural heedlessness, and that the results of this accident showed that he did not slow down his speed sufficiently in view of the circumstances. The driver of an automobile is not held negligent if a small child *suddenly darts into view* and gets into the path of the automobile and is hit; but where several small children are playing along a road in full view, for quite a distance, of an approaching automobile, the driver must be on the lookout for unexpected and heedless conduct on their part and should slow down his car and have it under such control as to avoid any serious injury to them resulting from their heedlessness: *Lucas v. Bushko,* 314 Pa. 310, 171 A. 460; *Federovich. v. Glenn,* 337 Pa. 60, 64, 9 A. 2d 358; *Haas v. Wesley,* 140 Pa. Superior Ct. 453, 14 A. 2d 179. The severe injuries inflicted on this child shed some light on the force of the impact. We are not satisfied that the court erred in the circumstances disclosed by the testimony in submitting the case to the jury.

The granting of a new trial for inadequacy of the verdict is a matter for the sound discretion of the court below and its action will not be reversed except for a clear abuse of such discretion: *Schwartz v. Jaffe,* 324 Pa. 324, 188 A. 295; *Pretka v. Wilson,* 325 Pa. 491, 190 A. 722; *Kuebler v. Roberts,* 138 Pa. Superior Ct. 208, 10 A. 2d 862; *Murray v. Hoffman,* 115 Pa. Superior Ct. 148, 175 A. 293.

Considering the extent of her injuries, if the minor child was entitled to recover at all, a verdict for $100 was grossly inadequate.

While, in the light of our decision in *Ehrlich v. Stiefel,* 94 Pa. Superior Ct. 406, the court below was wrong in

stating in its opinion: "The verdict of the parent-plaintiffs might be considered adequate, under all the circumstances, but because it would be impossible to grant a new trial in favor of the minor-plaintiff and sustain the verdict in favor of the parent-plaintiffs, therefore, a new trial will be granted to all the plaintiffs"; nevertheless, as the court made no finding that the verdict in favor of the parent-plaintiffs *was* adequate, and as the hospital and doctor bills to date of trial, without interest, amounted to $398, and there is reasonable probability that they will be increased by the date of the next trial, we shall not interfere with the order of the court granting a new trial to them also.

The orders of the court below refusing judgment non obstante veredicto for the defendant and granting a new trial to the plaintiff, are affirmed.