Commonwealth *v.* Way, Appellant.

Submitted September 24, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

110

*Donald M. Geesey, Jr.,* for appellant, submitted a brief.

*Frank B. Warfel,* Assistant District Attorney and *J. Calvin Lang, Jr.,* District Attorney, for appellee.

OPINION BY ARNOLD, J., November 15, 1951:

The defendant was prosecuted before an alderman for a violation of §1002(a) of The Vehicle Code, 75 PS §501. He elected to be tried by the court of quarter sessions, which, after hearing the evidence, pronounced him guilty and imposed a fine of $10 and costs, and this appeal followed.

As far as pertinent here the section of the Act reads: "(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other restrictions *or conditions then and there existing;* and no person shall drive any vehicle . . . at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead." (Italics supplied). The Commonwealth's evidence established that in the month of September at about 4:00 p.m. on a clear, dry day, the defendant was driving on Fourth Avenue, Altoona, Pa. He approached the intersection

of that avenue with Fourteenth Street. A group of young children was playing on the sidewalk and a six year old boy ran out into the cartway and was struck by defendant's vehicle. The evidence showed that the defendant's car skidded 52 feet 2 inches, to the point of impact, and the boy was carried and thrown 52 feet 7 inches from the point of impact. The street was posted with a speed limit of 35 miles per hour, and the speed of the defendant was greater than that.

As we understand, when reduced to its essence the defendant's contention is that there were no "conditions" existing which rendered his rate of speed imprudent; and that this word in the Act refers to the physical conditions of the road and properties adjacent thereto. With this idea we do not agree. This section of the Act relates to the conditions when the defendant was driving on the street, and not those existing when he was *not* using the street. The reference is to both animate and inanimate objects, either fixed or moving, and includes the amount of traffic on the street, the presence of ice or rain, the presence of pedestrians, and most particularly, children of tender age. This Court has said:[1] ". . . what is failure to drive at a careful and prudent speed depends upon the particular circumstances . . . the determination of what constitutes driving 'too fast for conditions' is for the finder of the facts . . ." When passing small children playing in a group on the sidewalk, the operator of an automobile has the duty to be attentive. "When there is reason to apprehend that children might run into a place of danger, the operator . . . has a duty to bring his car under such control that it can be stopped on the shortest possible notice . . ."[2] He also "must be on the look-

---

[1] *Commonwealth v. Klick,* 164 Pa. Superior Ct. 449, 453, 65 A. 2d 440.

[2] *Chapple et al. v. Sellers,* 365 Pa. 503, 506, 76 A. 2d 172.

out for unexepected and heedless conduct on . . . [the children's] part and should slow down his car and have it under such control as to avoid any serious injury to them resulting from their heedlessness."[3] The defendant gave no evidence that he decreased his speed or changed his driving in any manner after seeing the children at play. He was bound to exercise greater care than this, and he did drive too fast for the conditions existing.

Judgment affirmed.

---

[3] *Gettemy v. Grennan Bakeries, Inc.*, 145 Pa. Superior Ct. 405, 408, 21 A. 2d 465.