**Commonwealth v. Erisman**

*Jerry L. Spangler, assistant district attorney,* for the Commonwealth.

*John M.R. Ayers,* for defendant.

COFFROTH, *S.J.,* January 15, 1991—This is an appeal by defendant from his summary conviction before the district justice (Cannoni) for violation of Vehicle Code §3361.

From the officer's testimony we find the following

## FACTS

On October 12, 1989, the arresting officer (Marcinko) found defendant operating his vehicle on Railroad Street in Windber Borough at 40 mph in a posted 25 mph zone; the only relevant conditions at the time were that it was 5:30 a.m., the black top road was clear and dry, and no pedestrians or other vehicles were present.

The officer stopped defendant and issued to him a citation which cites §3361 and reads as follows:

"Charge: Driving vehicle at safe speed.

"Nature of Offense: Defendant did travel at a greater speed than safe or necessary." Vehicle Code §3361, 75 Pa.C.S., reads as follows:

"§3361. *Driving vehicle at safe speed*—

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow

or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions." 1976, June 17, P.L. 162, No. 81, §1, eff. July 1, 1977.

The Commonwealth contends that operating a vehicle at a speed 20 miles in excess of the posted speed limit while approaching an intersection is a sufficient basis for a finding of guilty under section 3361. At the close of the Commonwealth's case at the hearing, the defense moved to dismiss the citation on the grounds that: (1) there is no evidence that defendant was approaching or crossing an intersection or railroad grade crossing, or was approaching or going around a curve or hill crest, or traveling on a narrow or winding roadway, and that the second sentence of section 3361, supra, is therefore inapplicable, leaving only section 3361's first sentence for consideration; and (2) there is no evidence of the "conditions" or "actual or potential hazards," nor of inability of defendant "to bring his vehicle to a stop within the assured clear distance ahead," as the first sentence of section 3361 requires.

### Section 3361—First Sentence

The first sentence of section 3361, repeated here for convenience, reads as follows:

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead."

We considered section 3361, especially its first sentence, in *Commonwealth v. Betters,* 35 Somerset Leg.J. 246, 250-251 (1978), where we analyzed its meaning as follows:

"In analyzing this language, we point out the following:

"(1) The first sentence above quoted establishes two alternative standard for determining violation. It states that: No person shall drive a vehicle:

"(a) at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing; nor

"(b) at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead.

"The next (second) sentence of the section above quoted describes those two alternatives as criteria for a 'safe and appropriate speed.' The second sentence also gives several instances for application of the standards; they should not be construed as exclusive, that is, as stating the only situation in which the first sentence applies, rather as giving examples of common situations in which it is applicable.

"(2) The alternative standards of the first sentence do not create two separate offenses, but define two types of conduct, a violation of either (or both) of which constitutes the single offense of driving at unsafe speed (too fast for conditions). Compare *Commonwealth v. Frisch,* 41 D.&C. 266 (1941); *Commonwealth v. Shriver,* 35 D.&C. 1 (1959). The two standards overlap; a violation of the assured clear distance ahead rule is also a violation of the reasonable and prudent speed rule, but every violation of the reasonable and prudent speed rule is not a violation of the assured clear distance ahead rule.

"(3) In order to violate the reasonable and prudent speed rule, it is not necessary that there be collision or accident, nor that any particular person or property be actually harmed or endangered. *Commonwealth v. Reber* 46 D.&C. 411 (1942). The statement of that rule in

the first sentence of section 3361 requires the driver to have 'regard to the actual and potential hazards then existing.' Therefore, it is sufficient if the speed of the vehicle carries with it a substantial *potential* for harm. What we said in *Commonwealth v. Papinchak*, 27 Somerset Leg.J. 288, 294 (1972), in connection with reckless driving (now section 3714) is equally applicable here:

"'It is not essential ... that harm actually occur, or be imminent or nearly threatened to any particular person or property. Unlawfulness does not depend on whether the driver got away with the risk.... The purpose of the statute is to preserve highway safety and the rights of others by punishing driving which is so dangerous as to carry with it a high potential for harm to someone or something which might possibly come within the orbit of danger, whether or not it actually does so.'

"On the other hand, a violation of the assured clear distance ahead rule virtually implies collision. If there is no collision, then the driver stopped within the assured distance. See *Schofield v. Druschel*, 359 Pa. 630, 590 A.2d 919 (1948). Even so he might still have been traveling at an unreasonable and imprudent speed in violation of section 3361."

There was no collision here, nor any testimony to the effect that defendant's speed was such as to violate the assured clear distance rule, so it is not involved; the first sentence of the section is relevant only as regards the reasonable and prudent speed rule. We are in agreement with defense counsel that in order to prove violation of the reasonable and prudent speed rule, there must be *evidence* of "conditions and ... actual and potential hazards then existing" which would render the speed actually traveled unsafe, that is, unreasonable and imprudent, not merely or necessarily unlawful as in violation of a speed limit (speeding).

A number of prior court decisions have established this principle. In *McDougall v. Chalmers*, 192 Pa. Super. 401, 404, 162 A.2d 51, 53 (1960), the court said:

"Regardless of established speed limits or privileges, no person is privileged to drive except at a careful and prudent speed with his car under reasonable control."

So, a person may violate section 3361 even though he is obeying the speed limit, and violating the speed limit is not necessarily a violation of the reasonable and prudent speed rule. As stated In *Commonwealth v. Klick*, 164 Pa. Super. 449, 452-53, 65 A.2d 440, 442 (1939) (note that section 1002(a) of the former Vehicle Code, is now section 3361 of the present Vehicle Code) (emphasis added):

"Subsection (a) of 1002 of the Act creates a complete offense separate and distinct from every other offense defined elsewhere in the Act. Official signs as to permissible maximum speed cannot relieve one from a violation of 1002(a) merely by driving within the speed limit prescribed. While care and prudence may indicate a rate of speed much less than the maximum limit, as indicated by official signs, conceivably one may drive so slowly under certain conditions as to jeopardize others by his disregard for their safety; on the other hand *one may exceed permissible maximum speed limits on occasion, in the operation of a motor vehicle and still not be chargeable with violation of 1002(a)*. The fact that in the present case the information charges defendant with operation of his automobile in a residence district at a speed in excess of the maximum indicated by official signs does not take this prosecution out of 1002(a).

"What is reckless driving or what is failure to drive at a careful and prudent speed depends upon the particular circumstances. As in the case of reckless driving, the determination of what constitutes driving 'too fast for

conditions' is for the finder of the facts, in this case a judge of the court below, in a summary proceeding."

The hazardous conditions which must be proved under section 3361 may relate to the condition of the road and adjacent properties, but not necessarily. As stated in *Commonwealth v. Way,* 170 Pa. Super. 109, 111, 84 A.2d 225, 226 (1951):

"The reference is to both animate and inanimate objects, either fixed or moving, and includes the amount of traffic on the street, the presence of ice or rain, the presence of pedestrians, and most particularly children of tender age."

In *Commonwealth v. Vishneski,* 380 Pa. Super. 495, 503, 552 A.2d 297, 301 (1989), the evidence was sufficient to support a violation of section 3361 where defendant was going 84.5 mph in a 55 mph zone on a limited access highway where traffic was required to merge and exit while competing with traffic flow on the highway and creating potential hazard on that account. In *Commonwealth v. Mononsky,* 360 Pa. Super. 481, 520 A.2d 1192 (1987), defendant violated section 3361 when he was going 50 mph in a 25 mph residential district on a foggy, wet day, while intoxicated. Similar circumstances and hazards must be shown in a prosecution for reckless driving. See: *Klick* quoted *supra; Commonwealth v. Santillo,* 27 Somerset Leg.J. 205 (1970); *Commonwealth v. Papinchak,* 27 Somerset Leg.J. 288 (1972); in the latter case defendant gunned his car to 35-40 mph in a 25 mph zone in the downtown area of Windber Borough in a 2-way street in the busiest and most central part of town with intersecting streets, in moderate vehicular and pedestrian traffic, cars parked on both sides of the street, in a mixture of rain and snow, and was found guilty of both speeding and reckless driving. Some specific hazardous condition must be shown which indicates

not merely excessive speed but unsafe speed. See *Santillo, supra.*

In the present case, the evidence falls woefully short of establishing unsafe driving; driving at 40 mph in a 25 mph zone is speeding, but it is not necessarily an unsafe speed at 5:30 a.m. in October on a dry highway when no hazardous condition whatever is shown; and the officer failed to charge defendant with speeding, as she might have and indeed should have, done. In the absence of a speeding charge, the court cannot find a motorist guilty of speeding. Speeding and driving at an unsafe speed under section 3361 are separate and distinct offenses under separate and distinct sections of the Vehicle Code.

The Commonwealth's memorandum concedes that it has been unable to locate any cases which support their contention that the evidence in this case is sufficient to sustain defendant's conviction; it cites only *Commonwealth v. Ferbezar,* 3 D.&C.2d 754 (1955), which holds that an information which charges defendant only with violation of the speed limit (45/35) will not sustain a conviction under section 3361, where there is no further statement of how that section was violated, citing *Commonwealth v. Klick, supra.* That decision is consistent with our conclusion here.

### Section 3361—Second Sentence

The second sentence of section 3361 provides as follows:

"Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway; and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

The introductory phrase: "Consistent with the foregoing" refers to the section's first sentence. Thus we equate the "safe and appropriate speed" of the second sentence with the "reasonable and prudent speed" of the first sentence.

Counsel for the parties disagree on whether the evidence shows defendant was "approaching and crossing an intersection" so as to bring the second sentence into operation. We have had the testimony at the hearing transcribed and reviewed, and find that there is no reference indicating that defendant was approaching and crossing an intersection. But the matter is irrelevant. Even under the second sentence, in order to show that defendant's speed was unsafe and inappropriate, there must be proof of some specific hazardous condition rendering the speed unsafe, not merely in violation of speed limit. The mere presence of an intersection without evidence of hazardous traffic or road conditions, does not render at 40 mph speed in a 25 mph zone, unsafe. Again, defendant could have been, but was not, charged with speeding. It is improper police practice to use section 3361 in cases where the evidence will support only a speeding charge.

We do not decide this case on lack of the officer's credibility by reason of her personal interest in controlling truckers in the neighborhood, as the defense argues for. Having heard the witnesses, we are satisfied to accept the officer's testimony.

## ORDER

Now, January 15, 1991, for the reasons stated in the foregoing opinion, we grant the defense motion to dismiss the prosecution. Accordingly, the judgment of the district justice is vacated, and defendant is discharged.[*] Cost on the county.

---

[*] In accord: *Commonwealth v. Walker,* 5 D.&C.4th 631 (1990).